# Sanders *v*. The State.

## *Rape.*

(Decided June 14, 1906. 41 So. Rep. 466.)

1. *Criminal Law; Appeal; Bill of Exceptions; Time of Filing; Record Entries.*—It appearing of record that the court was convened in adjourned term on July 17th, 1905, to continue until the criminal cases were disposed of; that jurors were summoned for three weeks; that sentence was imposed July 25th, and an undated entry showing that the defendant gave notice of appeal, and filed his bill of exceptions in term time; and at the end of the bill of exception a statement that the bill of exceptions was signed on August 4th, and within the time allowed by law and by the court; Held, under section 215 code 1896, it sufficiently appeared that the bill had been filed and signed in time.

2. *Indictment; Quashing; Organization of Grand Jury.*—The fact that 21 names were drawn from which the grand jury that returned the indictment was formed constitutes no grounds for quashing the indictment.

3. *Rape; Evidence; Complaint by Prosecutrix.*—It was competent to show that prosecutrix had told her foster father what defendant had done and the particulars thereof.

4. *Same.*—It was not proper to permit a question to prosecutrix as to what time her menses came on.

5. *Criminal Law; Evidence; Attempt to Settle Prosecution.*—It was not competent to show that defendant had offered money to prosecutrix foster father to quash the proceedings.

6. *Rape; Instructions.*—While argumentative, it was not erroneous

to instruct the jury that if the private parts of prosecutrix were torn and bleeding, this was a corroborative fact.

7. *Criminal Law; Instructions; Applicability to Evidence.*—An instruction that the known character and proclivities and habits as to chastity of females of the negro race in general might be considered on the question of consent, were argumentative and not based on any evidence in the case, and were properly refused.

APPEAL from Monroe Circuit Court.

Heard before HON. JOHN T. LACKLAND.

The defendant was indicted, tried and convicted of the offense of rape, alleged to have been committed on one Verda Puryear. The evidence tended to show that the rape was committed in the morning of a certain day; that defendant came into the house, where prosecutrix, another woman, and some small children were, and after sending all of them out on one pretext or another, caught prosecutrix around the waist, carried her to the bed, and forcibly entered. There was evidence tending to show consent on the part of prosecutrix. On examination of prosecutrix, she was asked if she told any one what had happened to her soon after the occurrence. There was objection by defendant, which was overruled When prosecutrix's foster father was put upon the stand, the witness was permitted, over the objection of the defendant, to state that prosecutrix told his, soon after it was alleged the offense was committed, what defendant had done to her, and the particulars. The testimony referred to in the opinion as question 6 was a question propounded to the prosecutrix by the defendant on cross-examination as to what time her menses or monthly flow of blood came upon her. Objection by the state to this question was sustained by the court. The other facts sufficiently appear from the opinion.

At the request of the solicitor the court gave the following charge for the state: "If you believe that Mariah Puryear made an examination of the private parts of the prosecutrix, Verda Puryear, and they were torn and bleeding, this is a corroborative fact, which you may consider with the testimony of the prosecutrix and the other testimony in the case." The defendant requested

[Sanders v. The State.]

the following written charges, which were refused by the court: Charge 11: "The court charges the jury that in arriving at your verdict in this case, as men of experience and affairs, the law permits you to draw upon and rely upon your common knowledge and observation of the habits and characteristics and natural proclivities of the colored race as a race, as bearing on the question of the probable consent of the woman to the act of intercourse.' Charge 13: "The court charges the jury that matters within the common knowledge of the jury may be considered by them in arriving at their verdict; and if it is within their knowledge, as members of the community at large, that the race to which the prosecutrix belongs are of loose habits of virtue, then you may consider this as bearing upon the question of consent of the female to the act of sexual intercourse charged." Charge 14: "The court charges the jury that you may consider the known habits and characteristics of the race of people to which this prosecutrix belongs in determining whether or not she consented to the intercourse with the defendant in this case." Charge 15: "The court charges the jury that you may consider the facts within your common knowledge relative to the natural habits and general customs of the race to which the prosecutrix belongs as of evidential value on the question of her consent to the alleged intercourse with this defendant." Charge 12: "The court charges the jury that in your deliberations on this case you are at liberty, as reasonable men of experience, in determining whether or not the woman consented to the act of intercourse alleged, to consider the proclivities, habits, and characteristics of the race to which she belongs.

McCorvey & Hare and J. N. Miller, for appellant.—The court erred in not quashing the indictment.—Code 1896, § 4989; *Miller v. The State,* 33 Miss. 356; *Box v. The State,* 34 Miss. 615.

Sections 4922 and 5075 were enacted to meet just such cases as these. The court erred in admitting in evidence the statement made by prosecutrix to her foster father as to what was done.—*Lacy v. The State,* 45 Ala.

80; *Bragg v. The State,* 131 Ala. 46; *Oakley v. The State,* 135 Ala. 15; *Posey v. The State,* 38 So. Rep. 1019. The court erred in admitting evidence of the offer to compromise.—*Martin v. The State,* 62 Ala. 119.

MASSEY WILSON, Attorney General, for State.

SIMPSON, J.—The defendant in this case was found guilty of the offense of rape, and sentenced to be imprisoned in the penitentiary for 10 years. The record shows that the adjourned term of the court was called to meet on July 17th, and to continue until the criminal cases on the docket were disposed of; that jurors were ordered to be summoned for three weeks; that this case was tried on July 22d; that the defendant was sentenced on July 25th. Just after the minute of sentence, there is an entry, not dated, stating that, "the defendant having given notice of appeal, and having filed his bill of exceptions in term time, the execution of this sentence is hereby suspended," etc. At the close of the bill of exceptions are these words: "The foregoing bill of exceptions is now signed by me, J. T. Lackland, judge of the circuit court of Monroe county, Alabama, and is now dated by me the 4th day of August, 1905, the same being within the time allowed by the order of the court for the signing of the said bill of exceptions." The 4th day of August would be Friday of the third week of said court. While the record should be more explicit, yet we think it sufficiently appears that the bill of exceptions was signed during the term. The record states positively that the bill of exceptions was filed in term time. It could not become a part of the record and be entitled to be filed until after it was signed.—Code, 1896, § 615.

The motion to quash the indictment, because more than 21 names were drawn from which to form the grand jury, was properly overruled.—*Rogers v. State,* 144 Ala. 32, 40 South. 572.

There was no error in allowing proof of the particular statement of the prosecutrix to her adopted father, Puryear.

The objection to the question marked 6 was properly sustained. In the form in which the question was

framed, it does not show that it was material. It should have been confined to the condition of the witness at the time complaint was made.

The court erred in allowing the witness, Sandy Puryear, to testify, against the objection of the defendant, that the defendant had offered to bribe him to "squash" the proceedings. Said Puryear was not merely a witness, but, being the father by adoption of the prosecutrix, this was not analogous to the cases where efforts were made to bribe witnesses, but was an effort to compromise the case. The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. It is true that these decisions have been in civil cases, and in one instance in a quasi criminal case of bastardy.— *Martin v. State,* 62 Ala. 119. But in a criminal case this court, speaking through Brickell, C. J., applies the same reasoning, and gives cogent reasons why courts should be careful about admitting such testimony.— *Wilson v. State,* 73 Ala. 527. It is true that there is no authority of law for compromising a felony, yet it is a fact that less penalties are sometimes agreed upon between the prosecutor and the defendant, and, however that may be, an effort to compromise is not an admission of guilt. "The true reason for excluding an offer of compromise is that it does not ordinarily proceed from and imply a belief that the adversary's claim is well founded, but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a concession of wrong done."—2 Wigmore on Evidence, p. 1231, § 1061c. While there are decisions to the contrary in other states, yet the reason of the law, as expressed by our own court and the eminent text-writer just quoted, commends itself to our judgment.

While charge 1, given by the court at the request of the solicitor, might have been refused, as argumentative, yet the court cannot be placed in error for giving it.— *Karr v. State,* 106 Ala. 1, 17 South. 328.

[Boykin v. The State.]

Charges 11, 12, 13, 14, and 15, requested by the defendant, were properly refused, as they were argumentative, and not based on any evidence before the court.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.