# Stone *v.* The State.

## *Murder.*

(Decided May 13, 1909.   49 South. 823.)

*Criminal Law; Former Jeopardy; Estoppel to Plea.*—Where the jury was empaneled, sworn and accepted by the state and the accused, and before defendant renewed his plea of not guilty, he moved the court to quash the venire and discharge the jury, which motion the court granted and set his trial down for a subsequent day of the term, the defendant was estopped from pleading former jeopardy, based upon the action of the court in granting his motion to quash the venire, notwithstanding the court may have erred in granting the motion.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

[Stone v. The State.]

From a conviction of murder, Thomas Stone appeals. Affirmed.

JAMES H. WEBB and LESLIE HALL, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. Demurrers were properly sustained to the replication.—*Lyman v. The State,* 47 Ala. 86; *Lewis v. The State,* 121 Ala. 1. The defendant was estopped from pleading former jeopardy.—*Lewis v. The State, supra; Morrissette v. The State,* 77 Ala. 71; *State v. McFarland,* 121 Ala. 48.

DENSON, J.—In this cause the defendant interposed the plea of former jeopardy, and a demurrer to the plea by the state was sustained by the trial court. This ruling of the court is the only question presented by the record for decision.

The facts forming the foundation of the plea show that on a previous day of the term a jury was impaneled, sworn, and accepted by the state and by the defendant to try the case, but that after it was accepted, and before defendant renewed his plea of not guilty, the defendant filed his motion in writing to quash the venire, because in the copy served upon him the names of Charles Schultz appeared both as a regular and a special juror—in other words, because the name of said Schultz was duplicated on the venire, and the venire, as a consequence, lacked one of containing the number ordered by the court. The court granted the motion, the jury impaneled was discharged, the cause was set down for another day during the term, and a new venire was ordered and drawn. Thus it appears that the quashing of the venire and the discharge of the jury was accomplished at the special instance of the defendant, and, even if the

[Caldwell v. The State.]

court erred in granting the motion, the defendant is effectually estopped from pleading former jeopardy, based on the action of the court in granting his motion.— *McFarland's Case*, 121 Ala. 45, 25 South. 625, and cases there cited.

Affirmed.

DOWDELL, C. J., and SIMPSON, MAYFIELD, and SAYRE, JJ., concur.