# Stinson *v.* The State.

## *Larceny.*

(Decided Jan. 18, 1912.  57 South. 509.)

1. *Criminal Law; Former Jeopardy.*—Where the defendant procured a charge to be dismissed against him on the grounds substantially that he could not be held and tried on the warrant issued against him in that proceedings, he is estopped from pleading former jeopardy in the subsequent proceedings· involving the same charge, whether the original dismissal was proper or not. The court may decline to entertain a subsequent inconsistent suggestion from the defendant, by plea or otherwise, that the same proceedings which were dismissed at his instance was a legal and·valid prosecution.

2. *Evidence; Compromise; Criminal Case.*—Where the defendant called the prosecuting witness aside, after the wire alleged to have been stolen had been found in his possession and before there was any suggestion of a criminal prosecution, and told the witness that if he would stop the matter right where it stood, and have no further trouble about it, he would pay him for the wire, such state-. ment was an offer of compromise or settlement, and not admissible in evidence against the defendant over his objection.

3. *Same; Hearsay.*—Evidence that a third person admitted to others that he had committed the crime of which accused is charged, was hearsay and not admissible.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Furman Stinson was convicted of larceny and he appeals. Reversed and remanded.

WALLACE & HENDERSON, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant is estopped by his own action from setting up former jeopardy.—*Stone v. The State,* 160 Ala. 94; *Noel v. The State,* 161 Ala. 25; *Gunter v. The State,* 83 Ala. 96. In any event, the plea was subject to the demurrers interposed.—*Cross v. The State,* 117 Ala. 73;

[Stinson v. The State.]

*Hollis v. The State,* 123 Ala. 74; *Black v. The State,* 123 Ala. 78. The statement of defendant was in the nature of a confession and was therefore, admissible.—*Burton v. The State,* 107 Ala. 108;; *McKinney v. The State,* 134 Ala. 134. The evidence as to the admission of the third person was hearsay.—*West v. The State,* 76 Ala. 98; *Owensby v. The State,* 82 Ala. 63; *Tatum v. The State,* 131 Ala. 32; *McDonald v. The State,* 165 Ala. 85.

WALKER, P. J.—A defendant is estopped to plead as a former jeopardy the institution of a previous proceeding against him on the same charge which he procured to be dismissed on the ground substantially that he could not be held and tried on the warrant against him issued in that proceeding, whether or not such dismissal was proper. The court, having, at the defendant's instance, been led to treat that former proceeding as one which was not legally maintainable, may decline to entertain a subsequent inconsistent suggestion from him, by plea or otherwise, that the same proceeding constituted a legal and valid prosecution.—*State v. McFarland,* 121 Ala. 45, 25 South. 625; *Stone v. State,* 160 Ala. 94, 49 South. 823, 136 Am. St. Rep. 69; *Noel v. State,* 161 Ala. 25, 49 South. 824. The court was not in error in sustaining the demurrer to the plea of former jeopardy.

The statement of the defendant to the witness Strickland, whose barbed wire is charged to have been stolen, to the effect that, after the wire was found in the defendant's possession, and before there had been any suggestion of a criminal prosecution, the defendant called the witness aside and told him that if he would stop the matter right where it stood, and not have any more trouble about it, he would pay the witness for the wire, was on its face an effort by the defendant to settle or

compromise the matter, and was not admissible in evidence against him over his objection duly and seasonably interposed.—*Sanders v. State,* 148 Ala. 603, 41 South. 466; *Wilson v. State,* 73 Ala. 527; *Martin v. State,* 2 Ala. App. 175, 56 South. 64.

There was no error in sustaining objections to testimony tending to prove that a third party had admitted that he committed the offense with which the defendant was charged.    Such evidence is mere hearsay.—*Owensby v. State,* 82 Ala. 63, 2 South. 764; *Goodlet v. State,* 136 Ala. 39, 33 South. 892; *McDonald v. State,* 165 Ala. 85, 51 South. 629.

Because of the error above mentioned, the judgment must be reversed.

Reversed and remanded.