# Spinks *v.* The State.

### Selling Mortgaged Property.

(Decided April 4, 1916.  71 South. 623.)

1. **Witnesses; Impeachment; Predicate.**—Where the issue to be determined was whether the ox was the property of witness or of his wife, the testimony of such a witness that he did not remember whether last spring one B. had tried to buy some cattle from him, was not a sufficient predicate for impeaching him by showing by B. that B. had tried to buy a cow from the witness, and that witness had told B. that witness did not own the cow, but that his wife did; the rule requiring that the occasion, the time, and the substance of the conversation be stated with such reasonable certainty that the attention of the witness be so directed to it that he can identify it.

2. **Evidence; Offers of Compromise.**—Offers of compromise or to make restitution of property which has been the subject of crime, made by the accused, are not admissible against him.

3. **Appeal and Error; Right to Allege.**—Where the court excluded offered evidence by defendant that he offered to make restitution after proper predicate was laid for the introduction of such proof to show defendant's good faith in buying a mortgaged ox, and afterwards stated to defendant that he could recall his witness and make the proof, and defendant declined to do so, defendant could not complain of the exclusion of the evidence.

4. **Charge of Court; Invasive of Jury's Province.**—Charges which invade the province of the jury may be refused without error.

APPEAL from Clarke Circuit Court.

Heard before Hon. BEN G. TURNER.

Grady Spinks was convicted of the larceny of an ox, and he appeals. Affirmed.

F. E. POOLE, and T. W. DAVIS, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, J.—(1) One of the issues was whether the ox, the subject of the alleged crime, was the property of Tony Jackson, or that of his wife, Ellen Jackson.  The state's witness Tony

[Spinks v. The State.]

Jackson testified that the property belonged to him, and on cross-examination, in response to questions put, no doubt, to lay a predicate for his impeachment, this witness testified without objection: "I do not remember whether Mr. Clinton Bagley last spring tried to buy *some cattle* from me. I did not tell him at that time that I did not have any *cattle,* and that all belonged to my wife. He has not been to buy any *cattle* from me."

Bagley was subsequently introduced, and was allowed to testify over the solicitor's objection that witness tried to buy a *cow* from Tony Jackson in the spring a year previous to the trial, and that Jackson told witness that he did not own a *cow* to his name; that witness would have to go to his—Jackson's—wife. After the witness had given this testimony, the court, on motion of the prosecuting attorney, excluded it. While exact precision in laying a predicate to impeach a witness by showing previous contradictory statements is not required, the rule requires that the occasion and substance of the conversation be stated with reasonable certainty, so that the attention of the witness may be directed to the conversation in such manner that he can identify it.—Jones on Evidence, § 846; *Southern Ry. Co. v. Williams,* 113 Ala. 620, 21 South. 328. The conversation embraced in the predicate was with reference to *"some cattle,"* while that referred to in the excluded testimony was with reference to *"a cow."* It might have been true that the state's witness owned "cattle," including the ox, the subject of the crime in this case, and that he did not own a cow. If this was the fact, all the excluded testimony stated may have occurred, yet it was not contradictory of Jackson's testimony. The predicate was not sufficient to justify the admission of the impeaching testimony and it was properly excluded.

((2) During the cross-examination of the witness Alex Gunn, Jr., the defendant proposed to show that he had offered to pay the mortgagee for the ox. The general rule is that offers of compromise or to make restitution for property the subject of a crime by the accused is not admissible either for or against him. —*Sanders v. State,* 148 Ala. 607, 41 South. 466.

(3) After the defendant offered testimony tending to show a bona fide transaction between the defendant, Cleveland Jackson, and his mother, Ellen Jackson, and on the assumption by the defendant that the animal belonged either to Cleveland Jack-

son or his mother, and without any knowledge that Gunn had a mortgage on the ox, evidence showing or tending to show that defendant, after knowledge was brought to him that the animal was mortgaged, offered to pay Gunn for the ox, was clearly admissible as tending to disprove the alleged purpose to defraud, charged in the first count of the indictment. When the defendant first proposed to make proof by the witness Alex Gunn, Jr., that the defendant offered to pay the mortgagee for the ox, no proof had been offered by the accused tending to show a bona fide transaction between the Jackson negroes and himself; on the other hand, the undisputed evidence then in the case was that accused had purchased the ox from Jackson with express notice of the existence of the mortgage held by Gunn, and the proposed testimony was not then admissible. After a predicate was laid for the introduction of this proof as above indicated, the court stated to the accused that he could recall the witness and make the proof, and he declined to have the witness recalled, and is therefore in no position to complain.

• Under the evidence, the question of the defendant's guilt was for the jury, and the affirmative charge was properly refused. —*Talbert, alias, etc., v. State,* 121 Ala. 33, 25 South. 690; *McKinney v. State,* 12 Ala. App. 155, 68 South. 518.

(4) In charge 3, refused to the defendant, the word "that" is omitted in the sentence, "Then a strong presumption arises [that] there was no felonious intent," and the charge was elliptical and misleading. Under the more recent holdings of the Supreme Court, the question of the felonious intent under the circumstances hypothesized was for the jury, and if this charge was otherwise correct, its refusal could well be justified as invasive of their province.—*Talbert, alias, etc., v. State, supra; McKinney v. State, supra.*

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.