(101 So. 780)

### VOWELL v. STATE.   (7 Div. 44.)

(Court of Appeals of Alabama.   Oct. 28, 1924.)

**1. Constitutional law ☞70(3)—Reason for or advisability of law not for courts.**

Alleged fact that prosecutions for seduction, under Code 1907, § 7776, are never instituted, except in cases of pregnancy or accused's marriage to another, cannot be considered, courts being required to enforce law as they find it, regardless of reason for or advisability of it.

**2. Seduction ☞33, 34—Promise of marriage or other temptation must be sole moving cause of prosecutrix's consent.**

To constitute seduction, promise of marriage or temptation, deceptions, arts, or flattery must be sole moving cause prompting prosecutrix to surrender her chastity.

**3. Seduction ☞49—Whether parties' acts are within statute solely for jury.**

Whether parties' acts are within terms of statute (Code 1907, § 7776) is solely for jury to determine from all facts shown by evidence.

**4. Seduction ☞32—Reasonable doubt of prosecutrix's chastity entitles defendant to acquittal.**

Reasonable doubt of prosecutrix's chastity at time of alleged seduction entitles defendant to acquittal.

**5. Criminal law ☞823(6)—Seduction ☞50(3)—Charge to acquit in case of reasonable doubt as to prosecutrix's chastity held improperly refused.**

Refusal of charge to acquit, if there was reasonable doubt in jury's mind, after considering all testimony, as to prosecutrix's chastity at time of intercourse, *held* error, and not cured by court's oral charge.

**6. Criminal law ☞408—Efforts to compromise not provable as admissions.**

Defendant's efforts to compromise cannot be proved as admissions against him, either in criminal or civil action.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Dewey Vowell was convicted of seduction, and he appeals. Reversed and remanded.

Charge 6, refused to defendant, is as follows:

"The court charges the jury that the fact, if it be a fact, that defendant offered a compromise when he was accused of the charge, cannot be considered by the jury in arriving at a verdict."

Jas. A. Embry, of Ashville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.   The defendant was convicted under section 7776, Code 1907, which statute denounces the offense of seduction and provides a punishment therefor.

[1] The fact, if it be a fact, that an accusation or charge of this character is never known, or a prosecution therefor instituted,

except in such cases where the alleged injured party becomes pregnant, or the accused marries some other woman, is not a matter for this court to consider. It is the statute law of this state and the courts are required to enforce the law as they find it without differentiation, and the reason for the law, or the advisability thereof, is a matter of which the courts are without authority to consider.

[2] As to the particular law here involved, reference is made to the able pronouncement of the lamented Mr. Justice Stone, Chief Justice of the Supreme Court of Alabama, in the case of Carney v. State, 79 Ala. 14. In that case it was said:

" 'The essential elements of the offense, as it is described by the statute, are, first, the woman must be unmarried; second, she must be induced to a surrender of her chastity by a promise of marriage, or by the arts or deception of the man.' These are two of the elements of the offense, which, to authorize conviction, must be shown with that measure of proof requisite in criminal cases. And the promise of marriage, arts, or deceptions, as the case may be, must sustain the relation to the accomplished purpose—the consummated offense—as cause to effect, or the case is not brought within the statute. We do not mean to say that, to sustain conviction, the alleged promise of marriage must be found by the jury to have been the sole moving inducement to the surrender of chastity charged to have been made; but that no conviction should be had unless the jury are convinced beyond a reasonable doubt that there was a fall from virtue, and that that fall was brought about by defendant's 'temptation, deceptions, arts, flattery, or promise of marriage,' either one or more, or all of these co-operating to produce the result. This is what we mean when we say, the means or inducement employed must sustain the relation to the act accomplished, of cause to effect."

[3] Construing the above, as well as other portions of that opinion by this able jurist, it is quite clear that the promise of marriage, or the temptation, deception, arts· or flattery indulged must be the moving cause which prompts the prosecutrix to the surrender of her chastity; "the cause to effect." In other words this statute is not aimed at such sexual intercourse as may occur between an engaged man and woman merely, not based upon one or more or all of the essential means designated in the statute, and if sexual intercourse occurs between man and woman, though engaged to be married, and such sexual intercourse is not the result of such promise to· marry, etc., the acts of the parties do not come within the terms of the statute. But whether within the terms of the statute or not is a question for the sole determination of the jury, from all the facts of the case as shown by the evidence, and if the moving cause of the sexual intercourse upon the part of the woman is merely a mutual agreement to gratify the animal passion, and not as a result of the several inhibited means enumerated in the statute, the statute

would then not apply. In this connection the court properly charged the jury as follows:

"Defendant insists on the other hand, that there was no promise of marriage, no temptation, no deceit, no art practiced, and that this girl voluntarily, to satisfy her own lustful desire, engaged in this act of sexual intercourse with him. If that is true, gentlemen of the jury, if she, in order to satisfy her own lustful desire, and without a promise of marriage, and without any of the other means alleged in the statute, and in this indictment, just because she desired to have sexual intercourse with this man, if that is it, the defendant is not guilty. If you find she yielded to this man because she wanted to, to gratify her own lust, the defendant is not guilty."

In the instant case the defendant strenuously denied that he had ever asked the prosecutrix to marry him, and insisted he was not engaged to marry her. He admitted having had sexual intercourse with her and insisted that she was not a chaste woman at the time of such intercourse. There was evidence tending to sustain this contention.

[4, 5] Under the express terms of the statute denouncing the offense of seduction, a material, in fact, an essential ingredient of the offense is the chastity of the woman; for the statute expressly provides that no conviction shall be had if on the trial it is proved that such woman was, at the time of the alleged offense, unchaste. And if upon the consideration of all the evidence there is a reasonable doubt of the chastity of the prosecutrix at the time of the alleged seduction, this entitles the defendant to an acquittal. Wilson v. State, 73 Ala. 527; Carney v. State, 79 Ala. 14; Munkers v. State, 87 Ala. 94, 6 So. 357; Suther v. State, 118 Ala. 88, 99, 24 So. 43. On this question the defendant asked charge 5 which the court refused. This charge is as follows:

"The court charges the jury that if there is a reasonable doubt in the minds of the jury, after considering all the testimony in this case, that Irene Ford was a chaste woman at the time of the sexual intercourse between her and defendant, then the jury should acquit the defendant."

Under the above authorities it was error to refuse this charge. It was not abstract and was based upon the consideration of all the evidence, and it was not covered by the oral charge of the court.

[6] Refused charge 6 should have been given. The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. This is true in criminal cases as well as in civil cases. Wilson· v. State, 73 Ala. 527; Martin v. State, 2 Ala. App. 175, 56 So. 64; Stinson v. State, 3 Ala. App. 74, 57 So. 509; Spinks v.·State, 14 Ala. App. 75, 71 So. 623; Sanders v. State, 148 Ala. 603, 41 So. 466.

For the errors indicated the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.