(108 So. 658)

GRAY v. STATE. (7 Div. 154.)

(Court of Appeals of Alabama. May 25, 1926.)

**1. Witnesses** ⚖️286(4) — **Testimony on redirect examination as to what first attracted witness' attention to place of difficulty held relevant to corroborate his direct testimony, which defendant sought to discredit on cross-examination, that he had looked and seen difficulty.**

In murder trial, testimony on redirect examination that witness' attention was first attracted to place of difficulty, "when they commenced walking about and said [defendant] was going after a gun," about 20 minutes before shooting, was relevant to corroborate his direct testimony, which defendant sought to discredit on cross-examination, that he had looked and seen difficulty.

**2. Criminal law** ⚖️1169(1)—**Admission of redirect testimony that witness' attention was first attracted to place of difficulty, "when they commenced walking about, and said [defendant] was going after a gun," about 20 minutes before shooting, held not reversible error.**

Admission of testimony on redirect examination in murder trial that witness' attention was first attracted to place of difficulty, "when they commenced walking about, and said [defendant] was going after a gun," about 20 minutes before shooting, held insufficient, if error, to warrant reversal of conviction.

**3. Criminal law** ⚖️380—**Witnesses** ⚖️274(1) —**Character witness cannot testify, nor be cross-examined, as to particular acts or course of conduct, but only as to general reputation in neighborhood of residence.**

Character witness cannot speak of particular acts or course of conduct of person inquired about, but can merely state his general reputation in neighborhood in which he lives, and cross-examination of such witness must be conducted within limits of such inquiry.

**4. Witnesses** ⚖️274(1)—**Cross-examination of defendant's character witnesses as to whether they considered man of good repute who did certain acts with pistol concealed held improper as calling for testimony as to particular acts incompetent to ascertain witness' standard of good character.**

In murder trial, cross-examination of defendant's character witnesses as to whether they considered a man of good reputation who went to neighboring town, church, and gambling place, where he engages in skin game, with pistol concealed on person, held improper as calling for testimony as to particular acts and course of conduct, and incompetent to ascertain witness' standard of good character.

**5. Criminal law** ⚖️1170½(2)—**Injurious error in cross-examining defendant's witnesses as to whether they considered man of good reputation who did things and pursued course of conduct stated was not cured by answers indicating, though not directly responsive, that their testimony would or might have been different if such facts existed.**

Injurious error in cross-examining defendant's witnesses as to whether they considered man of good reputation who did things and pursued course of conduct stated was not cured by answers, which, though not directly responsive, indicated that, if such facts existed, witnesses' character testimony would or might have been different.

**6. Witnesses** ⚖️365—**Jury may weigh defendant's testimony in light of his interest, if they cannot reconcile it and make it speak truth, though fact that he is defendant does not necessarily show that he is not telling truth.**

Defendant may or may not testify in his own behalf, but, having elected to do so, jury may weigh his testimony in light of his interest, if they cannot reconcile it and make it speak truth, though it does not necessarily follow that, because he is defendant, he is not telling truth.

**7. Criminal law** ⚖️829(1).

Refusal of charges, all correct legal propositions in which are embraced in court's general charge, is not error.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Floyd Gray was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Longshore & Longshore and Harvey A. Emerson, all of Anniston, for appellant.

It was error to permit the state to prove by witness Palmer statements made by parties at the scene of the homicide, when defendant was not present. Davis v. State, 20 Ala. App. 131, 101 So. 171; Pope v. State, 174 Ala. 63, 57 So. 245; Pace v. State, 162 Ala. 56, 50 So. 353. It is only the character which defendant bore up to the time of the commission of the offense charged that can be inquired into. Ragland v. State, 178 Ala. 59, 59 So. 637; Griffith v. State, 90 Ala. 583, 8 So. 812; Smith v. State, 197 Ala. 193, 72 So. 316. The oral charge of the court as to defendant's testimony was in error. Green v. State, 19 Ala. App. 239, 96 So. 651; Hembree v. State, 20 Ala. App. 181, 101 So. 224; Mann v. State, 20 Ala. App. 540, 103 So. 605.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The exception to the oral charge of the court is without merit. Cowart v. State, 16 Ala. App. 119, 75 So. 711; Williams v. State, 18 Ala. App. 473, 93 So. 57. The testimony of the witness Palmer was competent. Moulton

v. State, 19 Ala. App. 449, 98 So. 709. The questions asked the witnesses Miller and Joe Green were within the latitude of cross-examination, and based on the evidence of defendant.

SAMFORD, J. All of the questions of any merit appearing in this record are presented in appellant's brief, and are discussed in the order of presentation.

[1, 2] The homicide was the result of a difficulty or altercation at a crap game in a road camp late at night, in which game the deceased, the defendant, and others participated. There were other negroes in the camp, one of whom was Will Palmer, who was a material witness for the state, and testified to facts concerning the homicide and of the res gestæ. On redirect examination this witness was asked, in substance, what had first attracted his attention and caused him to look to where the difficulty was going on. To this the witness answered: "They commenced walking about, and said Floyd was going after a gun"; that this was about 20 minutes before the shooting. Exceptions and motions were duly made and overruled. This witness had been cross-examined in such manner as to evidence an attempt to discredit the testimony that he had looked and seen the difficulty. If, therefore, there had happened anything unusual to attract his attention, such fact would be relevant in corroboration of the statement that witness had looked and at what time. Besides, even if error, upon a consideration of this record such action would not be sufficient upon which to predicate a reversal.

[3, 4] When the witnesses Miller Green and Joe Green were on the stand as witnesses for defendant, and had testified to his general good character, the solicitor on cross-examination asked each of them this question:

"Do you consider a man of good reputation that puts a pistol in his pocket in the daytime, conceals it about his person, and goes over to his neighboring town, Jacksonville, Ala., and spends a portion of the day, and goes back to a church with his own people with a pistol concealed on his person, and goes from there to a road camp where gambling is going on, and engages for more than two hours in what they call a skin game, the pistol still concealed on his person, would you still consider him a man of good repute?"

The foregoing questions were predicated upon facts testified to by the state's witnesses, and could have only referred to the defendant. A witness to character cannot speak of particular acts, or even the course of conduct of the person inquired about, but is confined to a statement of general reputation in the neighborhood in which he lives. And it is held that the cross-examination of a character witness must be conducted within the limits of this inquiry. In a case similar to this the Supreme Court, speaking through Dowdell, J., said:

"The question asked was as to the particular acts and conduct and could have had reference to no one (other) than defendant." "It was without the rule above laid down."

Nor was the question proper, or the evidence sought competent, on the suggestion made by counsel for the state to ascertain witness' standard of what it took to constitute good character. In the case quoted from, the overruling of defendant's objection to the question was held to be reversible error. Way v. State, 155 Ala. 52–63, 46 So. 273; Moulton v. State, 88 Ala. 118, 6 So. 758, 6 L. R. A. 301; Rogers v. State, 16 Ala. App. 58, 75 So. 264.

[5] The answers of the witnesses, while not directly responsive, were such as to indicate that, if such facts existed as detailed in the question, their testimony as to defendant's character would or might have been different. Therefore, we cannot say that the injurious error was cured by the answers.

[6] The court in his oral charge said:

"The defendant has testified in his own behalf. He has a right to do that. The law says that he may or he may not, but he has elected in this case to testify. You are authorized to weigh the defendant's testimony in the light of his interest in this case. Of course, he is interested because he is the defendant, but it does not follow necessarily that because he is the defendant that he is not telling the truth. But, if you cannot reconcile his testimony and make it speak the truth, then you are authorized to weigh that testimony in the light of his interest in this case."

This is a correct statement of the law. Green v. State, 19 Ala. App. 239, 96 So. 651.

[7] The court in his general charge instructed the jury upon the doctrine of retreat and freedom from fault, and embraced all of the correct propositions of law stated in written charges refused to defendant.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.