(115 So. 67)
## HARMON v. STATE.  (3 Div. 580.)

Court of Appeals of Alabama.  Jan. 10, 1928.

Arrington & Arrington, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ██ The state having introduced evidence pointing to the guilt of defendant, the evidence being entirely circumstantial, the defendant introduced testimony denying guilt, and he also offered evidence as to his general good character. After Mr. Mohr had qualified and testified to the good character of defendant, the solicitor, over proper objection and exception, was allowed to ask the witness Mohr, on cross-examination:

"Would you think a preacher who would leave his sick wife home on New Year's night and go out to a woman's house and stay with a woman, with a half pint of liquor, would have good character?"

To which the witness answered, "No." Motion was made to exclude the answer. The testimony of the witness Mohr was limited to the general character of the defendant. The question asked on cross-examination was as to particular acts and conduct, and under the evidence here could have had reference only to the defendant. The question is without the rule laid down. A witness to character may not speak of particular acts, or even the course of conduct of the person inquired about, but is confined to a statement of general reputation in the neighborhood in which he lives. Nor was the question proper, or the evidence sought competent, on the idea that the state by such method ascertained witness'. standard of what it takes to constitute good character. The issue does not involve witness' standard of good character. The issue is one of good or bad repute in the community where the defendant lives. The inquiry both upon direct and cross-examination must be confined to general repute. Kelly v. State, 17 Ala. App. 577, 88 So. 180. The court committed reversible error in overruling defendant's objection to the question and in refusing to grant defendant's motion to exclude the answer. Gray v. State, 21 Ala. App. 409, 108 So. 658; Way v. State, 155 Ala. 52–63, 46 So. 273; Moulton v. State, 88 Ala. 118, 6 So. 758, 6 L. R. A. 301.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.