(120 So. 305)

### MURPHREE v. STATE. (8 Div. 764.)

Court of Appeals of Alabama. Feb. 12, 1929.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. █ Appellant was convicted of the offense of seduction. The indictment was returned September 1, 1922, and the trial, resulting in the judgment here appealed from, was had on August 13, 1928, the record, on appeal, being submitted in and to this court on January 14, 1929.

The evidence, as contained in the bill of exceptions, has, no doubt, to some, a sort of reminiscent tone. The scene of the alleged infraction is laid on the roadside, on the way from a country church to the home of prosecutrix. It is nighttime, and after the services at the "protracted meeting" were over. According to the testimony of the prosecutrix, the buggy of appellant, in which she was riding with him, was pulled over just outside the roadway and stopped, and, in answer to his entreaties, assurances of harmlessness, etc.—all given while his hands were upon her —she yielded her virtue up to him there in the buggy, upon the buggy seat. She insisted that, at the time, she and appellant were engaged to be married, and had been so engaged for more than a year, and that it was because of appellant's reminding her of this

**40**

fact, and because of this fact, that she allowed herself to be so used upon the occasion in question.

Appellant denied ever having been engaged to the prosecutrix, and ever having had intercourse with her.

The books are full of cases discussing the law with reference to the offense for which appellant was convicted, and we see no need for our elaborating on the subject. See Code 1923, § 5490, and the citations under said section, where it appears.

The evidence for the state, and that, contradicting it, for the appellant, made a case to be solved only by a jury.

■ Written charge 2, requested by appellant and refused, was as follows: "The court charges you, that the mere fact that the defendant had sexual intercourse with Lillie Latham, although she reluctantly consented thereto, does not render him guilty of seduction."

The word "mere" means, according to Webster's New International Dictionary: "Only this, and nothing else; nothing more than; such, and no more." So, it would seem to us, and we so hold, that the written charge quoted stated the law correctly, and should have been given. It was not abstract, and, so far as we can observe, was not covered specifically or in substance by any written charge given to the jury, or the trial court's oral charge.

The other questions apparent are simple and need no discussion. The chances are, they will not arise, in the form here presented, on another trial.

For the error in refusing appellant's written requested charge No. 2, the judgment is reversed, and the cause remanded.

Reversed and remanded.