(124 So. 665)

## DURELL v. STATE. (4 Div. 459.)

Court of Appeals of Alabama. Nov. 19, 1929.

E. O. Baldwin, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▮ The essential elements of the crime of seduction are aptly stated in the leading case on this subject of Carney v. State, 79 Ala. 14. We have no inclination to depart from the principles there so well stated. In the instant case, according to the evidence for the state, there was a promise of marriage which had been made by defendant prior to the time the prosecutrix yielded her virtue to him. Whether this promise of marriage as testified to by prosecutrix was the moving cause prompting the yielding in this case, or whether the sexual intercourse here testified to was such as occurred between an engaged man and woman merely, not based upon the promise of marriage, is under the facts in this case a question for the jury. In other words, an engagement to marry and sexual intercourse pending the engagement does not necessarily constitute seduction, but, if the promise of marriage be the moving cause which prompts the woman to yield her chastity, the act as to this point comes within the terms of the statute. Vowell v. State, 20 Ala. App. 322, 101 So. 780.

▮ The prosecutrix and her father both testified that defendant made frequent visits to the Wiggins home during the months of August and September, 1925. It was therefore relevant and proper for the defendant to cross-examine these witnesses touching any matter tending to disprove these facts, September being and covering the time in which it is claimed the courtship of defendant and Retha Wiggins proceeded under the eyes and with the implied sanction of J. A. Wiggins, the father of the girl. If during the early part of September, 1925, the father forbade defendant to come to his house, this would tend to disprove the statements of Wiggins and his daughter that defendant had been a frequent visitor to the house to see prosecutrix during that period. Nor can it be claimed by the state that this is impeachment on an immaterial matter. The visits of defendant to the house and to prosecutrix were a part of the corroboratory evidence testified to by Wiggins, and without which there could be no conviction.

▮ Why the defendant failed to object and except to all that testimony relative to a second act of intercourse claimed to have taken place in October, 1925, we do not know, but we do know that such testimony was inadmissible and immaterial; hence all that testimony relative to checks and receipts given in October after the first act of intercourse was properly excluded. On another trial the issues should be confined to the first act of intercourse and facts leading thereto. Herbert v. State, 201 Ala. 480, 78 So. 386; Maske v. State, 19 Ala. App. 75, 95 So. 204. For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.