(135 So. 656)

## BEDINGFIELD v. STATE.

### 8 Div. 218.

Court of Appeals of Alabama.

June 30, 1931.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**BRICKEN, P. J.**

From a judgment of conviction for the offense of an assault with intent to ravish, this appeal was taken.

◼ The indictment was framed under section 3303 of the Code of 1923, and the conviction of this appellant was for the offense denounced therein. The trial court was in error in charging the jury to fix the punishment in the event of a conviction. The punishment provided by said section is not less than two nor more than twenty years. Upon conviction the court, and not the jury, must impose the punishment. Section 5278 of the Code 1923 provides: When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury. And in cases of this character, upon conviction, the court must pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum (2 years) and not greater than the maximum fixed by the statute (20 years), stating in such sentence the minimum and maximum limits thereof. Rogers v. State, 17 Ala. App. 175, 177, 83 So. 359. An error of the character above discussed affects only the judgment as to the sentence, and if no error appeared as to the judgment of guilt of the defendant, such would be affirmed, and the cause would be remanded for proper sentence only. In this case, however, certain errors in the rulings of the trial court necessitate a reversal of the judgment of conviction and a remandment of the cause for another trial.

◼ The exception reserved by the defendant to the court's ruling in permitting the solicitor to ask the prosecuting witness Donie Perry the following question was well taken: "Q. How long before he attempted to assault you was it he first came down there?" The question was improper in assuming that the accused attempted to assault the witness, the very issue upon which the case was being tried. No evidence of that fact had been adduced at the time the question was propounded, and this mode of examining a witness is not permissible. For like reasons the following question propounded by the solicitor to the accused should not have been allowed. "Q. And this girl, *up to the time that you did that*, Tom, you and this girl hadn't been enemies." The appellant objected to this question because it assumed the very fact in issue before the court; that is, that he did assault her with intent to ravish her. This ruling of the court was erroneous. Haithcock v. State, 23 Ala. App. 460, 126 So. 890.

◼◼ Over timely objections and exceptions the court in numerous instances upon this trial allowed the state to inquire and witnesses to testify relative to alleged efforts upon the part of the accused to compromise and settle this case. Each of these rulings was error. The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. This rule applies to criminal cases as well as to civil. Vowell v. State, 20 Ala. App. 322, 101 So. 780, 782; Wilson v. State, 73 Ala. 527; Martin v. State, 2 Ala. App. 175, 56 So. 64; Stinson v. State, 3 Ala. App. 74, 57 So. 509; Spinks v. State, 14 Ala. App. 75, 71 So. 623; Sanders v. State, 148 Ala. 603, 41 So. 466; Graham v. State, 23 Ala. App. 331, 125 So. 200. Moreover, in connection with the foregoing inquiry the state was improperly allowed to inquire into statements made by the accused in the nature of confessions and highly incriminating, without any attempt upon the part of the state to show by proper predicates that such declarations or statements were voluntarily made and from volition. In these rulings the court erred to a reversal. The point involved is elementary and so well established discussion need not be indulged.

◼◼ The defendant offered evidence of his general good character. On cross-examination of the character witnesses the court committed error in allowing the state to inquire into alleged certain specific acts of the accused. After witness Wilbanks had testified to the effect he had known the defendant all of his (defendant's) life, and that his general character was good; over the objection and exception of the defendant the court permitted the solicitor to ask this witness: "Q. He gets drunk and rips about the country some?" And to other witnesses questions of like import were erroneously permitted. Character of the accused, whether good or bad, can only be proved by a general reputation, and evidence of particular acts of conduct is inadmissible, both on direct and on cross examination.

'While much latitude is allowed on cross-examination in order to test the knowledge and good faith of a witness, there are limits beyond which such examination may not extend. For instance: "A witness to character cannot speak of particular acts, or even the course of conduct of the person inquired about, but is confined to a statement of general reputation in the neighborhood in which he lives." In Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301, it was held that the cross-examination of a character witness must be conducted within the limits of this inquiry. See also Way v. State, 155 Ala. 52, 46 So. 273; Harmon v. State, 22 Ala. App. 288, 115 So. 67.

But one point of decision remains. It relates to an exception reserved to an excerpt of the oral charge of the court. A discussion of this question may be pretermitted as not necessary to a decision in this case. On the point involved we refer to the case of Williams v. State, 47 Ala. 659.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.