157 So. 678

### BRUNSON v. STATE.

4 Div. 125.

Court of Appeals of Alabama.

Nov. 20, 1934.

E. C. Boswell, of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment against this appellant contained but one count. He was therein charged with the violation of section 4656 of the Code 1923, which makes it unlawful for any person, firm, or corporation in this state to manufacture, sell, give away, or have in possession, any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages. The punishment prescribed for the commission of said offense is fixed by section 4658 of the Code 1923, and is imprisonment at hard labor in the penitentiary for not less than one year nor longer than five years, to be fixed within these limits by the court or judge trying the case.

This trial, in the court below, resulted in the conviction of the defendant, as charged in the indictment; whereupon he was so adjudged, and the court sentenced him to serve an indeterminate term of imprisonment within the limits of said statute, supra. From the judgment of conviction, pronounced and entered, he appeals.

Appellant complains of the ruling by the court wherein, over his objection and exception, state witness Frank Hall, without first having been qualified, was permitted to testify that "the beer, found in containers at the still was fermented." It is insisted that the answer of the witness was but his mere conclusion, etc. It is unquestionably the better rule, in instances of this sort, to first qualify the witness as to his knowledge, observation, and experiences, relative to the matter under inquiry, but in this instance error will not be predicated upon the ruling complained of, as it appears the substantial rights of the accused were not impaired. The judgment of conviction here appealed from will be reversed as result of other errors hereinafter discussed.

The errors above indicated consist of several rulings of the court wherein the state was permitted to show by its witnesses that the defendant on different occasions after his arrest undertook to secure a compromise of the case against him by making a certain designated settlement. At no time and in no instance did the accused admit his guilt of the possession of the still; to the contrary, he strenuously denied his ownership or possession of the still, also all knowledge that it was found in crib out in a field belonging to defendant and about two miles distant from the defendant's home. The several rulings of the court in this connection were error, for, as stated in the case of Vowell v. State, 20 Ala. App. 322, 101 So. 780, 782: "The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. This is true in criminal cases as well as in civil cases."

Along this line the following excerpts from the cases cited are in point.

In Martin v. State, 2 Ala. App. 175, 56 So. 64, 67, the appellant insisted that the court erred in permitting the state to prove by its witnesses that he had tried to compromise his case, the court said: "That portion of the testimony of W. D. Hailes in which he stated that the defendant said 'he wanted to know—he said he did not think that he ought to be punished for that—he wanted to know who my friends were, if we could not come to a compromise,' was incompetent and should not have been allowed in evidence. Under the decisions of our Supreme Court, offers of compromise cannot be proven against the party making them. The rule is applicable to criminal as well as civil cases."

Likewise in the case of Stinson v. State, 3 Ala. App. 74, 57 So. 509, the case was reversed, because the court permitted the state to prove over the objection of defendant, "That, after the wire was found in the defendant's possession, and before there had been any suggestion of a criminal prosecution, the defendant called the witness aside and told him that if he would stop the matter right where it stood, and not have any more trouble about it, he would pay the witness for the wire, was on its face an effort by the defendant to settle or compromise the matter, and was not admissible in evidence against him over his objection duly and seasonably interposed."

Likewise in the case of Graham v. State, 23 Ala. App. 331, 125 So. 200, this court in an opinion by Rice, J., stated: "However, state's witness Matilda Kelley, the mother of prosecutrix, was allowed to testify, over appellant's timely objection that 'the defendant (appellant) offered my daughter $130.00 to settle the case and she refused to do it.' Exception was properly reserved to the ruling

of the court allowing this testimony. Said ruling was erroneous. 'Defendant's efforts to compromise cannot be proved as admissions against him, either in civil or criminal cases.' "

In the case of Bedingfield v. State, 24 Ala. App. 398, 135 So. 656, being a case for an assault with intent to ravish, this court reaffirmed the proposition that offers of compromise cannot be proved as an admission against the parties making them.

In the case of Gilbert v. State, 25 Ala. App. 169, 142 So. 682, 683, this court made the following observation: "The deputy solicitor was allowed to testify, over timely and legal objection and after predicate laid to the defendant while testifying as a witness, that defendant said to him, during a conversation about the case: 'They have caught me about this liquor and there is no way I can get out of it.' The defendant had testified that what he said to the solicitor was in a conversation in which he was attempting to settle the case for the least amount of money, and was willing to pay what a lawyer's fee would cost him, and that he never admitted guilt. The solicitor, on cross-examination, said that he talked about settling it the cheapest and easiest way, but did not remember the full conversation. Whatever statements were made by this defendant in the conversation with Scruggs, the deputy solicitor, who represents the state in the prosecution of such cases, were clearly an effort on his part to compromise the charge against him. As such these statements, which were only conditional agreements to pay, were not admissible."

The appellant filed a motion for a new trial, which motion was denied by the court, denial of the motion of appellant for a new trial was error, which must work a reversal of this cause. Authorities, supra.

Reversed and remanded.