191 So. 267

## JOHNSON v. STATE.

### 4 Div. 434.

Court of Appeals of Alabama.

Dec. 13, 1938.

Rehearing Denied Jan. 10, 1939.

Affirmed on Mandate June 20, 1939.

Rehearing Denied Oct. 3, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

A. A. Carmichael, Atty. Gen., and Edward B. Crosland, Asst. Atty. Gen., for the State.

RICE, Judge.

Perhaps none but the jury could say whether or not, under the evidence in this case, appellant obtained and exercised the

privilege of having sexual intercourse with the young lady involved "by means of temptation, deception, arts, flattery, or a promise of marriage." Code 1923, § 5490.

But the testimony is rather strongly suggestive of the fact that it may have been just another case of a man and woman merely having sexual intercourse pending an engagement to marry—which is not an offense denounced by the Code section cited. Durell v. State, 23 Ala.App. 307, 124 So. 665.

However that may be, appellant was entitled to have the jury instructed fully, and minutely, as to just what did, and what did not, constitute the offense with which he was charged.

To this end he requested, and the trial court refused to give to the jury, the following written charge, to-wit: "2. The court charges the jury that the mere fact that the defendant had sexual intercourse with Frances Hurst does not render the defendant guilty of seduction."

In the case of Murphree v. State, 23 Ala.App. 39, 120 So. 305—a seduction case —we reversed the judgment of conviction for the refusal of a written charge not distinguishable in principle from the one we have quoted hereinabove.

What we there said seems in all respects applicable here. And for the refusal of this written charge "2" the judgment here is reversed, and the cause remanded.

The other questions apparent are simple, and need no discussion. The chances are they will not arise, in the form here presented, on another trial.

Reversed and remanded.

### Opinion After Remandment.

PER CURIAM.

There are, as we indicated in our original opinion, some other questions—than the one we treated therein—apparent; but, as we also said, they are simple.

We now say that we have examined them again; and it is clear to us that none of them involve a ruling infected with error prejudicial to appellant's rights. Discussion would be profitless.

The judgment must be now affirmed on the authority of the opinion of the majority of the Supreme Court. Code 1923, § 7318.