(111 So. 50)

### JOHNSON v. STATE.   (4 Div. 208.)

(Court of Appeals of Alabama.   Dec. 14, 1926. Rehearing Denied Jan. 11, 1927.)

1. **Criminal law** ⬤➡260(13)—**Prosecution for possessing intoxicating liquor having been begun upon affidavit and warrant in county court, no complaint held necessary in circuit court (Code 1923, § 4646).**

Prosecution for possessing prohibited liquors having been begun upon affidavit and warrant in county court, it was not necessary to file complaint in circuit court, in view of Code 1923, § 4646.

2. **Criminal law** ⬤➡394—**In prosecution for possessing liquor, admission of evidence that defendant's premises were searched under warrant held not error.**

In prosecution for possessing prohibited liquor, admission of testimony that defendant's premises were searched under authority of search warrant held not error.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Mack Johnson was convicted of violating the Prohibition Law, and he appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

On appeal from the county court to the circuit court, the solicitor must make a brief statement of the cause of complaint. Failure is ground for reversal. Collins v. State, 19 Ala. App. 518, 98 So. 489; Owens v. State, 19 Ala. App. 573, 99 So. 155; Denham v. State, 17 Ala. App. 402, 86 So. 163.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

In cases of this character it is not necessary to file a complaint. Code 1923, § 4646; Du Bose v. State, 19 Ala. App. 630, 99 So. 746. No motion was made to exclude the answer to the question whether witness had a search warrant, and the exception is not well taken. Posey v. State, 17 Ala. App. 449, 86 So. 117; White v. State, 20 Ala. App. 213, 101 So. 312; McGee v. State, 20 Ala. App. 221, 101 So. 321.

RICE, J. Appellant was convicted of the offense of having prohibited liquor in his possession.

[1] The prosecution having been begun upon an affidavit and warrant in the county court, it was not necessary to even file a complaint in the circuit court. Code 1923, § 4646.

[2] There was no error in allowing the state's witness Furlow to state that appellant's premises were searched under the authority of a search warrant. True, under our law it made no difference, but it surely cannot be said to be improper for the jury to have the information.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.