142 So. 682

### GILBERT v. STATE.
#### 8 Div. 613.

Court of Appeals of Alabama.
June 14, 1932.

J. A. Lusk, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The affidavit upon which the warrant was issued and the defendant was tried in the county court was not in exact accord with the requirements of section 3815 of the Code of 1923, in that said affidavit did not allege that affiant had probable cause for believing that the offense charged had been committed. No objection was taken to the affidavit in the county court, and no ground of demurrer raising this point was filed in the circuit court. The affidavit is amendable and is sufficient to support a verdict. For that reason the objection cannot be raised for the first time in this court.

The transcript from the county court showing judgment of conviction and notice of appeal to the circuit court was filed in the circuit court December 18, 1930. This had the effect of transferring the case to the circuit court there to be tried de novo upon the original affidavit amendable to meet the ends of justice and to prevent a dismissal of the case upon any informality, irregularity, or technicality. The filing of the solicitor's information in this character of cases is unnecessary and superfluous. Code 1923, § 4646; Johnson v. State, 21 Ala. App. 623, 111 So. 50.

The testimony for the state tended to prove that two sixteen-gallon kegs and a gallon bottle and some pint bottles, all of which contained whisky, were found in defendant's dwelling. This without more was not sufficient to sustain a conviction. We have frequently held that the burden is on the state to prove a guilty scienter. As tending to prove this, the statement of defendant to Scruggs and Hyde, that "There was not forty gallons of that whiskey, that there had been some of it disposed of," was admissible as a declaration of an incriminatory nature after the proper predicate as to its being voluntary had been made.

The deputy solicitor was allowed to testify, over timely and legal objection and after predicate laid to the defendant while testifying as a witness, that defendant said to him, during a conversation about the case: "They have caught me about this liquor and there is no way I can get out of it." The defendant had testified that what he said to the solicitor was in a conversation in which he was attempting to settle the case for the least amount of money, and was willing to pay what a lawyer's fee would cost him, and that he never admitted guilt. The solicitor, on cross-examination, said that he talked about settling it the cheapest and easiest way, but did not remember the full conversation.

Whatever statements were made by this defendant in the conversation with Scruggs, the deputy solicitor, who represents the state in the prosecution of such cases, were clearly an effort on his part to compromise the charge against him. As such these statements, which were only conditional agreements to pay, were not admissible. Vowell v. State, 20 Ala. App. 322, 101 So. 780.

Moreover, the statement testified to by the deputy solicitor as having been made by defendant, that "They have caught me about this liquor and there is no way I can get out of it," was not inculpatory, nor an admission of guilt, and was not admissible.

The evidence beyond dispute is to the effect that the whisky was in the constructive possession of defendant, and there is evidence from which the inference can be drawn that he had knowledge of such possession. The court properly refused to give the general charge.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.