168 So. 602

**JOHNSON v. STATE.**

4 Div. 272.

Court of Appeals of Alabama.

May 26, 1936.

McDowell & McDowell, of Eufaula, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

There is no bill of exceptions and the appeal is on the record proper.

The prosecution was begun by affidavit which reads as follows: "Before me, H. C. Holleman, Judge Inferior Court, Beat 5, in and for said County, personally appeared Roscoe Hawkins, who, being duly sworn, deposes and says, on oath, that in said County on or about June 29/35, one Douglas Johnson did have in his possession certain intoxicating liquors against the peace and dignity of the State of Alabama." The affidavit was signed and sworn to before the judge of the inferior court of beat 5.

Appellant raises the question that the affidavit will not support the prosecution for the reason that it fails to allege

that the affiant had *probable* cause. This question was settled in Redd v. State, 169 Ala. 6, 53 So. 908, in which it was said that "where the affidavit alleges specifically that the accused committed the offense charged, it was stronger than the allegation of probable cause, and hence, was sufficient."

The other question raised is that no complaint was filed in the circuit court by the solicitor, on appeal from the inferior court of beat 5. This, too, is of no avail. The prosecution was for a violation of the prohibition laws of the state and, under section 4646 of the Code of 1923, the prosecution proceeds upon the original affidavit. Johnson v. State, 21 Ala.App. 623, 111 So. 50.

We find no error in the record, and the judgment is affirmed.

Affirmed.