182 So. 86

**POOLE v. STATE.**

**8 Div. 685.**

Court of Appeals of Alabama.

April 12, 1938.

Rehearing Denied May 10, 1938.

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and B. W. Simmons, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The original affidavit upon which the warrant of arrest was predicated contained two counts. However, upon the trial of this case in the lower court the conviction of appellant was rested upon count 2 of the affidavit, which eliminated from consideration all questions pertaining to count 1. Said count 2 is as follows: "Count 2. Affiant further charges that within twelve months before the making of this affidavit, and in Morgan County, Alabama, Ben Poole did refuse to permit D. J. Garrett, a duly authorized agent of the State Tax Commission, to examine the records of Ben Poole, as a storer or retail dealer in gasoline, the said Ben Poole having during said period acted as a storer or retail dealer in gasoline on the basis of 'tax paid,' against the peace and dignity of the State of Alabama."

It is first contended that count 2 is void under section 5 of the Constitution, which provides "no warrant shall issue * * * to seize any person or thing without probable cause, supported by oath or affirmation." In this connection and in support of said insistence, counsel for appellant, in

brief, argues as follows: "The charging part of the only affidavit before the Court is: 'Affiant further charges that within twelve months before the making of this affidavit, etc.' In other words, the affiant charged, accused or imputed to the defendant the offense set out. This was palpably insufficient. 'It is not the affirmation of existence of probable cause for believing and the belief of affiant,' but the mere charge, accusation or imputation that the offense was committed and that the defendant was guilty. This was held in the case of Butler v. State, 130 Ala. 127, 128, 30 So. 338, which, by the way, was the first case the writer of this brief carried to the Supreme Court. It was held in the case of City of Bessemer v. Eidge, 162 Ala. 201, 50 So. 270, that the affidavit for the warrant was void, in that the basis for the affiant's belief was stated to be 'good reason,' rather than as was requisite, 'probable cause' therefor. Assuredly, a mere charge that a man committed an offense without basing that charge upon probable cause is insufficient to authorize the issuance of a writ for his arrest."

As to the foregoing proposition, the writer is free to state, in the absence of direct authority to the contrary, the question would receive thoughtful and careful consideration by this court. However, the statute, Code 1923, § 7318, provides: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals," etc., and we find upon examination that the Supreme Court has decided this identical question, contrary to the insistence here made, in the case of Redd v. State, 169 Ala. 6, 53 So. 908, wherein the court said: "The record shows a complaint made by B. G. Chew, before H. B. Abernathy, judge of the inferior court of Birmingham, charging the defendant with a misdemeanor, a violation of the prohibition law. The affidavit or complaint made by the affiant is substantially in the form provided in the Code for indictment in such cases, and in the form provided for affidavits, except that, instead of showing that affiant had probable cause for believing, and did believe, that the offense named had been committed and that the defendant was guilty thereof, it alleges directly and specifically that the defendant committed the offense named. This court has often held such affidavits to be sufficient." See, also, Johnson's Case, 27 Ala.App. 190, 168 So. 602; Holman v. State, 144 Ala. 95, 39 So. 646.

Count 2 of the affidavit (quoted above) was formulated and based upon the provisions of section 348, Schedule 156.8, article 13, chapter 4, General Acts of Alabama 1935, pp. 510, 511, and substantially follows the pertinent language of said schedule, and in our opinion charges an offense. As will be noted, said count charges the defendant with being a storer or retail dealer in gasoline on the basis of "tax paid" during and within the period of twelve months before the commencement of the prosecution; and that he did refuse to permit D. J. Garrett, a duly authorized agent of the State Tax Commission, to examine his records, as such storer or retail dealer in gasoline.

The evidence tended to show that the defendant, during the period of time designated, was a storer or retail dealer in gasoline. And that for the State tended to show further that D. J. Garrett was a duly authorized agent of the State Tax Commission as averred in the affidavit, and further that the defendant refused to permit said agent to examine his books, etc., after having been requested so to do. In this connection witness Garrett testified: "I informed him as to who I was and what my business was, told him that the State Tax Department, Montgomery, wanted to know if he would submit to an audit of his books and have his accounts checked, or would he not. He didn't say anything only assaulted me and tried to run into the station to get his gun to kill me." Witness was asked: "Say anything else? Ans. That he didn't have any books." "Question: He refused to let you look at his books? Ans. Yes sir." There was other testimony of like import.

The defendant testified as a witness in his own behalf, and his testimony tended to show a direct conflict as to testimony offered by the State. In this connection, among other things, defendant testified: "I know the witness Garrett. At no time did I object to him examining my records and as a retail dealer in gasoline. Mr. Garrett was down there three times. The first trip was on Monday morning, then he came there Friday and again Saturday. On Monday, when he came there, we talked and went over the plant. He was there some two or three hours. I then showed him how the gasoline was received and measured. There is a meter on each tank down there that measures the amount of gasoline. Every gallon of gasoline I get goes through there. It gives an accurate measure of every gallon I get and indicates them. The next trip, on Friday, he came and said, 'Young man, I have come to look

you over,' and I said, 'Help yourself.' At that time the witnesses Robertson and Blevins were there. I told him to help himself and that he could look at anything I had. There were invoices there that I got from the companies that sell me gas. They show the number of gallons and the date shipped to me. They correspond with the bills of lading. I told him what was in the tank and had a stick there that the company sent me to measure the amount of gasoline in the tank. It is a measuring stick, each inch showing the number of gallons. The man that makes the tanks furnished it. I had records there that showed all of the gas that I handled. On Friday, I told him about the records. He said, 'I want to know your Limestone County customers.' He said, 'You advertise to pay for the delivery of gasoline and if you have, you owe Limestone County three cents and if you have not paid for it, you owe Decatur, Alabama, two cents.' He came back Saturday and punched me on the shoulder and said, 'I have talked to the big boy and all he wants is to say yes or no whether I look at your Limestone County records.' Then we had a little difficulty and this affidavit was made."

The evidence, being in sharp conflict, presented a jury question. We are of the opinion that the court properly submitted the case to the jury for its determination; also, that the court's rulings upon demurrer were correct and without error.

No reversible error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.