22 So.2d 606

## HOLLAND v. STATE.

### 6 Div. 84.

#### Court of Appeals of Alabama.
June 19, 1945.

John R. Bealle, of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen., for the State.

RICE, Judge.

Conviction for illegally being in possession of prohibited liquor.

This is this case: Appellant, a one-legged man, known as "Peg" Holland, lived, with his wife and a little girl, in a home of undesignated size, with which was built on an addition or annex used as a place of business—we assume, a small store.

This business was operated by appellant and his wife.

In the dwelling part of the building, up over the hallway between the bedroom and dining room, some officers of the law removed a plank of the ceiling; and between the ceiling and the roof—in the attic—they found seventy-four half pints and three pints of whiskey.

Appellant and his wife, and perhaps the little girl, were present when the officers found the whiskey; and appellant, who was then and there arrested, stated to the officers, in answer to a question as to whether or not "his wife had any part of that whiskey," or "had anything to do with it" replied: "You know no woman hadn't had anything to do with that whiskey," or "No, you know she didn't have anything to do with that."

The ceiling where the whiskey, above, was found, was "nine or ten feet high;" and no appliance was found whereby appellant, a man of not extraordinary height, could readily obtain access to the place of its location. But we leave that circumstance without further discussion.

Above we have stated the substance of the entire testimony. There was nothing else connecting appellant with the possession of the whiskey.

It seems our court might have difficulty reaching an unanimous agreement as to whether or not the evidence stated made a case fit to be submitted to the jury on the question of whether or not appellant was in the possession of the whiskey—of course illegal—which was found; hence we leave that to one side for the present. But see Gilbert v. State 25 Ala.App. 169, 142 So. 682; Huckabaa v. State, 23 Ala. App. 333, 125 So. 202; and 17 Ala. & Southern Digest, Intoxicating Liquors, ☞236(1).

But assuming—which is probably the case—that appellant's guilt vel non as charged was properly submitted to the jury under the evidence as stated, it remains that the judgment of conviction must be reversed because of an error committed on the taking of testimony.

The State's witness E. K. Elledge, a deputy sheriff, in answer to the question: "Just state to the jury what happened when you made the arrest (of 'Peg' Holland)," said: "Well, we carried a search warrant out there to search his ('Peg's') place and * * * found a trap in a—I reckon you would call it a closet or a hole. The front door entered into this hall from the dining room of the house *and he had a couple of planks in the ceiling overhead* and it slipped back with a little spring on it. We slipped it back *and he had the whiskey up in there,* and there was seventy-four half pints and three full pints up there." (Italics ours).

Motion was promptly made to exclude the part of the answer of the witness wherein he said: "he (referring to 'Peg' Holland) had the whiskey up in there." This motion was overruled, and exception duly reserved.

The grounds—valid, each of them, we think—upon which this motion was made, were (1) "that there was no evidence to the effect that defendant had the whiskey

up in there;" and (2) "said answer is merely a conclusion or opinion of the witness and not based on any facts."

Whether or not defendant (appellant) "had the whiskey up in there" was the very question to be decided by the jury—not the witness. And we think the action of the court in overruling the motion to exclude the specified portion of this witness Elledge's testimony was error, and highly prejudicial. Because of it, the judgment of conviction will be reversed. And it is so ordered.

Reversed and remanded.