## GIBBS v. WRIGHT.

1. An admission made during, or in consequence of a proposition to compromise, is inadmissible against the party making it. But distinct facts, admitted by the proposition, or pending the negotiation, though connected with an offer to compromise, may be given in evidence against the party making them.

Writ of Error to the Circuit Court of Sumter. Before the Hon. G. Goldthwaite.

THIS was an action of assumpsit brought by Gibbs against Wright. The declaration contains all the common counts.

At the trial, the plaintiff proved, that he being indebted to one Arrington, and Arrington to the defendant, Wright, drew a draft for about $3,600 payable in Richmond, Va. which Wright passed to the credit of Arrington, and Arrington to the credit of Gibbs. It also appeared, that Gibbs, at the time, claimed the difference in exchange on the draft, between Virginia and Alabama funds, but it did not appear that Wright agreed to pay it. The plaintiff, Gibbs, then offered the deposition of one Farmer, in which it is stated, that Wright requested him to pay Gibbs one hundred and seventeen or twenty dollars, on account of the difference of exchange on the bills drawn by Gibbs in favor of Wright, but stated at the same time, that he did not consider he owed Gibbs any thing, but rather than have a law-suit he would pay him that amount. Farmer also stated, that shortly afterwards, he received a letter from Wright, (which is attached to the deposition and part thereof,) in these words: "J. J. Farmer, Esq.—Dear Sir—You will not pay Mr. Gibbs, on my account, the matter we have been disputing about. I shall go to Mobile on Tuesday, and will go to the bank and know what was the rates of exchange on N. York and Rich-

mond, Va., in March, June and October, of 1839, and will write you from Mobile the difference in exchange that I will pay. I am of opinion the four per cent. will cover the exchange in March, 1839, if not in October, the time of payment. Jan'y 31, '46. Yours, truly, JNO. WRIGHT."

The court excluded this deposition, as well as Wright's letter, from the jury, on the defendant's objection, and the plaintiff thereupon took a non-suit, and a bill of exceptions, which discloses the facts stated. This is now assigned as error.

REAVIS, for the plaintiff in error, insisted—

1. The whole deposition should have gone to the jury ; it was for them to say, whether the offer to pay was in the way of a compromise ; what effect should be given to Wright's statement, that he did not consider he owed Gibbs any thing, and whether it was a distinct admission of liability, independent of the offer to pay. McKenzie v. McRae, 8 Porter, 70 ; 2 Phil. Ev. C. & H. 218 to 223, and cases cited in note, 196.

2. The letter of Wright was relevant by itself, and should have gone to the jury, as tending to make out the plaintiff's case. McKenzie v. McRae, 8 P. 70.

3. If by itself, the letter does not make out the case, that is no reason for excluding it. 3 Ala. R. 16 ; 4 Ib. 265 ; 7 Ib. 457, 698.

4. If any part of the deposition was admissible, an objection to the whole should have been overruled. 4 Ala. R. 265.

5. The letter contained no offer in the way of a compromise ; on the contrary it expressly withdraws the one previously made ; and was therefore clearly admissible.

R. H. SMITH, contra, insisted—

1. The letter and deposition were made by plaintiff parts of the same evidence ; that they both related to the same matter ; that the deposition was necessary to explain and give meaning to the letter, and that it would have been improper to have allowed the plaintiff to take the letter from

the deposition, and offer it alone, and taken in connection with this, it was clearly improper evidence.

2. The rule governing this case is a plain one, and laid down in notes to Phil. on Evidence, to this effect. Offers of compromise can't be given against him making the offer, but distinct admissions may, though made in a negotiation of compromise.

The letter refers to an offer before made—withdraws it, and asserts that on inquiry and information, another proposition of compromise will be made, and expresses an opinion as to what he will find was the exchange at a given time. This is the mere expression of an intention to offer a compromise, and an opinion as to what he will find to be a data to govern him, and nothing more, and is no admission of a fact.

If it is evidence of any thing, it is only as to what was his opinion of what he would find to be the rate of exchange, and in fact amounts to nothing.

The deposition is clearly not evidence, apart from the letter, nor do I think the letter aids it; but if Gibbs claimed any right, it must have been by reason of a contract based upon valuable consideration. The bill of exceptions shows there was no contract to pay exchange at the time of the transaction out of which the claim arises, and though there had been a subsequent promise, it would have been a mere voluntary promise, of no binding force.

The letter not only did not make out the case, but it did not tend to make it out—it constituted no material proof in the cause.

COLLIER, C. J.—It is an established rule, that an admission made during, or in consequence of, a proposition to compromise, is inadmissible against the party making it. An offer to pay a sum of money, in order to purchase one's peace and adjust a pending or threatened litigation, if not acceded to, cannot with propriety be called an *admission*, which can only be predicated of existing facts—it is an unaccepted *proposition*—a matter in feasance, which rather negatives the present existence of what is proposed to be done. If such an offer carry on its face the character of a peace offering, it

s privileged, and cannot be used against the party making it. But where distinct facts are admitted by the proposition, or pending the negotiation, they stand upon a different ground, and for these the privilege cannot be invoked. The principles we have stated are well illustrated by *Senator Colden*, in Murray v. Coster, 4 Cow. Rep. 635. He says, "I am not prepared to admit, that what a party may state as a fact, though the statement may be made in the course of negotiation for a compromise, or may be connected with an offer to purchase peace, will not be as binding as if the fact had been disclosed in any other way. If a man says to me, I do not admit I owe you any thing, but rather than be sued, I will give you a hundred dollars, it would be most unjust to suffer me to avail myself of this offer, to recover against him. But if one tells me, I justly owe you a hundred dollars, and will give you fifty if you will give up your debt, I apprehend there is no rule of law so absurd and unjust, as to prevent me availing myself of my debtor's confession, because he connected with it an offer of compromise." See Wilson's adm'r v. Hines, Minor's R. 255; Slocum v. Perkins, 3 Serg. & R. Rep. 295; Williams v. Price, 5 Munf. Rep. 507; Lawrence v. Hopkins, 13 Johns. Rep. 288; Williams v. Thorp, 8 Cow. Rep. 201; Hartford Bridge Co. v. Granger et al. 4 Conn. R. 142; Fuller v. The Town of Hampton, 5 Conn. R. 416, 426; Marsh v. Gold, 2 Pick. R. 285; Gerrish, adm'r, v. Sweeter, 4 Pick. Rep. 374; Delogny v. Rentoul, 2 Mart. Rep. 175; Church v. Steele's heirs, 1 Marsh. R. 328; Sanborn v. Neilson, 4 N. Hamp. Rep. 501; 1 Greenl. on Ev. § 192; 4 Phil Ev. by C. & H. 10.

In the case at bar, the proposition which the defendant authorized Farmer to make to the plaintiff was professedly a peace offering, which, so far from admitting an indebtedness, expressly denies it, and was therefore rightfully rejected as evidence for the plaintiff. The letter which was subsequently written, must be considered with reference to the authority which the defendant had previously given to Farmer to compromise with the plaintiff, as it refers to it, in terms too plain to leave room to doubt its meaning and purpose. It was nothing more than a withdrawal of that authority, until

the defendant could acquire information which would enable him to act understandingly in endeavoring to settle the matter in controversy—expressing an opinion as to the price of exchange at certain times, and reserving to himself the right to determine what he would pay the plaintiff. Here is no admission of indebtedness, or of any fact which alone, or *prima facie* assisted by others, would have warranted the jury in finding a verdict for the plaintiff. The fact that the defendant's proposition was submitted by Farmer to the plaintiff, and rejected by the latter before the letter was written, can have no influence upon the evidence, or authorize us to educe from the letter an admission which its language, or what preceded it, does not import.

It was not only competent, but the duty of the court to decide upon the admissibility of the evidence—its decision we have seen, was in conformity to law, and the judgment is therefore affirmed.