# Albert Holman v. The State.

*Carrying Concealed Weapon.*

[DECIDED JUNE 30, 1905, 39 So. REP. 646.]

1. *Constitutional law; Local Acts*, 1903 *p.* 40.—The act creating the Geneva county court, Local Acts 1903 p. 40 is not repugnant to the constitution and is valid.

2 *Affidavit; Signing.*—Under section 4600 of the code of 1896 it is not necessary that an affidavit should be signed by the person making it to render it valid as a predicate for a prosecution.

3. *Same; sufficiency of.*—An affidavit charging that a person, naming him, did carry a pistol concealed about his person is sufficient under the statute requiring an affidavit of probable cause for believing etc., as the basis of a criminal prosecution. It is more emphatic and certain than is required by the statute.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

The appellant was tried in the Geneva County Court on an affidavit and warrant issued by a Justice of the Peace returnable to said court under the provisions of the act creating a court of inferior jurisdiction styled "The County Court of Geneva County, charging him with carrying concealed weapon.

When the case was called defendant announced ready and entered a plea of not guilty. He then made a motion to quash the affidavit and warrant 1st, because it was not signed by the person making the affidavit; 2nd, because the affidavit stated that the defendant did carry a pistol concealed about his person instead of, that affiant had probable cause for believing and did believe that such offense had been committed. The affidavit recited that one S. W. Underwood appeared before the justice of the peace and made affidavit, but it recited over the carried a pistol concealed about his person. Underwood did not sign the affidavit, but it recited over the signature of the justice of the peace that the affidavit was sworn to and subscribed before him on a certain day. Motion to quash affidavit was overruled and from the judgment of conviction the defendant appeals. Affirmed.

W. O. MULKEY, for Appellant, insisted 1st, That the act to establish an inferior court of record for Geneva county, General Acts 1903, p. 537, Local Acts 1903, p. 40, is unconstitutional and void under § 106 of the Constitution, because the notice of the intention to introduce the act did not contain in substance the exent of the jurisdiction proposed to be conferred upon said court; and 2nd, that the proof did not show that notice of the proposed bill was published four consecutive weeks, but did show notice published in four regular issues of the paper.

MASSEY WILSON, Atty. Gen. for State, insisted that the act was constitutional and cited in support thereof: —Lancaster v. Gafford, 37 So. Rep. 108; Hooten v. Mcltom, 37 So. Rep. 937; State ex rel. Attorney General v.

[Albert Holman v. The State.]

*Speake,* Judge, in MSS.; *Brame v. The State* in MSS.; *Tillman v. Porter* in MSS.; *Kumpe, Judge v. Irwin,* 140 Ala. 141; *State ex rel. Covington v. Thompson,* 37 So.

ANDERSON, J.—Th act creating the Genevay county court has been held by this court to be valid and not repugnant to the Constitution.—*Ex parte Black,* in MS.

"An affidavit is a statement of facts under oath, reduced to writing and certified to by the officer before whom the same is made. It is usually, though not necessarily, unless required by statute, signed by the affi-ant."—*State v. Sullivan,* 39 S. R. 400; 1 Am. & Eng. Ency Law, 909. Section 4600 of the Code of 1896 does not require that the affidavit should be signed by the affiant. Besides this objection was not raised until the defendant had plead "not guilty," and the trial had been entered upon.

The defendant cannot complain because the affidavit does not recite that the affiant has probable couse for believing, etc., as it is more emphatic and certain than is required by the statute, and charges "that the defendant did carry a pistol concealed on his person."

The court erred in excluding that portion of the evidence set out in the showing of the absent witness Garner, as designated in the bill of exceptions. It was probably not relevant to show what became of a pistol the defendant had the day previous, when in Florida, but when taken with the other evidence excluded with it, "that he, Holman did not get the pistol back again and that he had no other pistol except this one; that he had opportunity to see and observe Mr. Holman, and was with him the whole time day and night," as it was contradictory of the State's evidence and should have been considered by the jury.

For this error the judgment is reversed and the cause remanded.

MCCLELLAN, C. J., TYSON, DOWDELL, SIMPSON and DENSON, JJ., concurring.