# Thomas *v.* The State.

*Wilful or Malicious Injury to Animal.*

(Decided Dec. 16, 1909.   Rehearing Denied Feb. 26, 1910.
52 South. 34.)

1. *Criminal Law; Arrest of Judgment; Motion; Record.*—A motion
in arrest of judgment and the rulings thereon must be shown by the
record proper, and is not reviewable when shown in the bill of ex-
ceptions only.

2. *Affidavit; Validity.*—Where an affidavit is void, it will not sup-
port a conviction, and the court on its own motion on appeal will so
declare.

3. *Animals; Malicious Injury; Affidavit.*—Construing together sec-
tions 6230, 7132 and 7161, subdivision 71, it is held that an affidavit
in a prosecution for maliciously disabling stock which complies with
the form provided by subdivision 71, section 7161, Code 1907, is not
void since an affidavit needs be no more extensive or particular than
an indictment.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

John Thomas was convicted of wantonly or mali-
ciously disabling or injuring stock, and he appeals.
Affirmed.

[Thomas v. The State.]

The affidavit was as follows (omitting the formal charging part) : "That John Thomas, within 12 months before the making of this affidavit, in said county, unlawfully, wantonly, or maliciously disabled, disfigured, or injured a mule, the property of affiant, against the peace and dignity of the state of Alabama." After verdict, the defendant moved in arrest of judgment; but this is shown by the bill of exceptions, and is not shown otherwise in the record.

C. D. COMSTOCK and VASSAR L. ALLEN, for appellant. The court erred in overruling motion in arrest of judgment.—*Dunklin v. The State*, 134 Ala. 194 and cases therein cited. Where an indictment is void the Supreme Court will take the point ex meru motu.—*Alsey v. The State*, 39 Ala. 664.

ALEXANDER M. GARBER, Attorney General, for the State. Nothing is properly presented for review, since the motion in arrest of judgment and action thereon appears only by bill of exception. This is a matter to be shown by the record proper.—*Hampton v. The State*, 133 Ala. 180.

ANDERSON, J.—The motion in arrest of judgment and the ruling thereon must be shown in the record proper, and cannot be reviewed when shown only in the bill of exceptions.—*Hampton v. State*, 133 Ala. 180, 32 South. 230.

It is insisted, however, that the failure of the affidavit to aver the value of the animal killed or injured, or the amount of the injury, rendered it void, inasmuch as the fine is fixed according to the value, and that, if the affidavit is void, it will not support a conviction. If the affidavit is void, it will not support a conviction, and this court would have to take the point ex mero motu.—

*Dunklin v. State*, 134 Ala. 195, 32 South. 666; *Hornsby v. State*, 94 Ala. 63, 10 South. 522; *Francois v. State*, 20 Ala. 83. But this affidavit is not void, as it complies with form No. 71 in section 7161 of the Code of 1907, the section under which it was made. Sections 7132 and 7161 make the Code form as to indictments sufficient, and the lawmakers did not intend that an affidavit should be more extensive or particular than an indictment.

We are aware of the fact that an indictment pretermitting an averment of value was condemned in the *Dunklin Case, supra;* but there was no form in the Code of 1896 for the wrongful or wanton killing or injury of an animal covered by section 5091 of the Code of 1896. There was a form for malicious injury, under section 5090 of the Code of 1896, but none for section 5091. These two sections now consitute section 6230 of the Code of 1907, and as to which a form of indictment is given; and as the affidavit in the present case was made subject to the Code of 1907, it was sufficient.

The judgment of the city court is affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.


