# Flowers *v.* The State.

## *Permitting Stock to Run at Large.*

(Decided June 13, 1911. Rehearing denied June 30, 1911.
56 South. 33.)

1. *Affidavit; Requisites; Signature.*—It is not essential to the validity of the affidavit on which a warrant of arrest may issue that it should be signed at all, hence, an affidavit signed by affiant by making her mark, is sufficient. (Section 6703, Code 1907.)

2. *Animals; Running at Large; Instructions.*—In a prosecution under Acts 1900-01, p. 1242, for permitting stock to run at large, a charge asserting that the defendant was not guilty if, after he learned that his yearling was running at large, he made every reasonable effort to get it up until he finally did so, was properly refused for indefiniteness in failing to state how long afterwards and in not negativing the element of willfully allowing it to run at large.

3. *Same.*—In a prosecution for permitting stock to run at large a charge asserting that the word knowingly as used in the statute, meant more than a mere knowledge of the fact that the animal was out, was properly refused as tending to mislead.

[Flowers v. The State.]

4. *Same.*—A charge asserting that the mere fact that defendant knew that his yearling was out was not sufficient to convict him without more, was properly refused.

5. *Same; Statutory Provisions; Cow.*—As used in Acts 1900-01, p. 1242, the word "cow" includes in a general sense the female of the bovine genus of animals, and hence, includes a yearling heifer or calf.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Luke Flowers was convicted of permitting stock to run at large, and he appeals. Affirmed.

The affidavit was as follows: "Before me, R. A. King, clerk of the county court of Coffee county, in and for said county, personally appeared Emma Flowers, who being duly sworn, says on oath that she has probable cause for believing and does believe that Luke F. Flowers did knowingly, voluntarily, or willfully permit his heifer yearling or cow to run at large off his premises; the said Luke F. Flowers being the owner of said animal in said county of Coffee within the last 12 months," etc. The complaint was signed by Emma Flowers by mark, and motion was made to strike the complaint because there was no complaint in the case, because there was no signature to said complaint, and because the complaint had not been signed by the party purporting to make it.

The following charges were refused to the defendant:

"(1) If the jury believe from the evidence that the defendant, after he learned that the yearling was running at large, used reasonable effort to find said yearling for the purpose of taking up said yearling and to keep it from running at large, then the jury must find the defendant not guilty.

"(2) The court charges the jury that if they believe, from the evidence, that, after the defendant learned that his yearling was out and running at large, he made every

reasonable effort to get it up until he did finally get it up, you cannot convict of the offense charged.

"(3) The court charges the jury that the word 'knowingly' used in the statute means more than a mere knowledge of the fact that it was out.

"(4) The court charges the jury that the mere fact that the defendant knew that his yearling was out is not sufficient, without more, to convict the defendant in this case.

"(5) If the jury believe from the evidence that it was the calf that run at large, then they must find the defendant not guilty."

RILEY & CARMICHAEL, and H. L. MARTIN, for appellant. The affiant did not make her mark to the affidavit, and hence, there was no affidavit.—Section 1, Code 1907. The act is unconstitutional.—*Barnhill v. Teague,* 11 So. 444. The court erred in refusing the charges requested.—14 Fed. 128. On application for rehearing as to want of affidavit in the case counsel cite: *Holman's Case,* 144 Ala. 95; 1 Enc. P. & P. 315; Section 6703, Code 1907; *Brooks v. Mobile S. Com.,* 31 Ala. 227.

ROBERT C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The defendant was tried for the violation of an act to prevent certain stock from running at large in Coffee county.—Acts 1900-01, p. 1242. On the trial the defendant moved to strike the complaint, and also demurred to it on the ground that it was not signed by the party purporting to make it. The complaint, or affidavit, is signed by affiant by making her mark. Unless required by the statute, it is not essential to the validity of the affidavit that it should be signed at all, and there was no error in the court's overrul-

ing the motion to strike, and the demurrers to the affidavit.—*Holman v. State,* 144 Ala. 95, 39 South. 646; Code 1907, § 6703; Acts 1900-01, p. 1242.

Charge 1 requested by defendant was properly refused. *After* the defendant learned the yearling was running at large is too indefinite, in not stating how long after. It might have been days or weeks after. Nor does the charge negative the proposition of willfully allowing the animal to run at large. Charge 2 requested by defendant is faulty for the same reasons.

Charge 3 was misleading in its tendency, and for that reason, if for no other, should not have been given.

Charge 4 is one of those charges the court may or may not give without being put in error. It singles out one fact and gives undue prominence to it. A charge which singles out a particular part of the evidence and predicates a finding of the jury on it is properly refused.

Charge 5 is palpably bad. A reading of the statute will show that the word "cow" was used in the general sense to include the female of the bovine genus of animals.

There is no reversible error in the record.

Affirmed.