(106 So. 206)

## MATHEWS v. STATE. (4 Div. 186.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

**1. Criminal law ⟾369(6)—Permitting state to introduce record of prior conviction for similar offense held error.**

In liquor prosecution, permitting state to introduce record of prior conviction of accused for similar offense constituted reversible error.

**2. Criminal law ⟾406(1)—Testimony that accused had said he would plead guilty if they "wouldn't put no sentence on him," held inadmissible.**

In liquor prosecution, testimony that accused had, in presence of officers after arrest, said he would plead guilty if they "wouldn't put no sentence on him," held inadmissible as not being an admission of guilt or conviction.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Beab Mathews was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellant.

Proof of a former conviction was erroneously admitted. Stewart v. State, 18 Ala. App. 92, 89 So. 391; Finderson v. State, ante p. 109, 105 So. 399; Shields v. State, 20 Ala. App. 639, 104 So. 685; Pippin v. State, 197 Ala. 613, 73 So. 340; Lakey v. State, 206 Ala. 180, 89 So. 605, 18 A. L. R. 706; Lyles v. State, 18 Ala. App. 62, 88 So. 375.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The judgment in this case must be reversed for two reasons:

[1] (1) The state was permitted over the objection of defendant to introduce the record of a prior conviction of defendant for a similar offense. This under numerous decisions constitutes reversible error. Lyles v. State, 18 Ala. App. 62, 88 So. 375; Bertalsen v. State, 20 Ala. App. 539, 103 So. 480.

[2] (2) The state was permitted, over the objection and exception of defendant, to prove that defendant said, in the presence of Beck and another officer, after the arrest had been made, and while defendant was in custody: "He would plead guilty if they wouldn't put no sentence on him." This was not an admission of guilt, or a confession, and should not have been admitted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.