(117 So. 502)
### RICE v. STATE. (8 Div. 721.)

Court of Appeals of Alabama. June 26, 1928.

D. Isbell and John A. Lusk, both of Gunt-ersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of forgery in the second degree.

The appellant's demurrers were sustained to all counts of the indictment other than counts 1 and 2. Each of these counts was substantially in the form prescribed by the Code, and was sufficient as against the demurrers interposed. Code 1923, §§ 4121, 4556 (form 62). The instrument alleged to have been forged by the defendant was set out in hæc verba in each of the counts, and the allegation in the second count as to the ownership of the property may be considered as surplusage.

It was alleged in each of the counts of the indictment that went to the jury that appellant, with intent to injure or defraud, did falsely make, alter, forge, or counterfeit an instrument in writing, therein set out, and which purports to be a deed from one John R. Davidson and wife, Nancy, to him, conveying the title to certain lands, situated in Marshall county, Ala.; said deed purporting to be executed on the 16th day of February, 1916. Both John R. Davidson's and his wife Nancy Davidson's alleged purported signatures were by mark, and apparently witnessed by one J. W. H. Smith, who also, in his capacity of justice of the peace, as the instrument appears, took their acknowledgments to the deed; the wife's separate and apart, as the statute requires, the lands in question being the homestead of the grantors. Code 1923, § 7883.

At the time of the trial both grantors were dead. The chief state's witness was the said J. W. H. Smith, who testified that he never witnessed such a deed as that described in the indictment, never took the acknowledgments, and that his signature, where it appeared on the paper, was a forgery. The appellant testified that the said J. W. H. Smith *did* fill out and sign the acknowledgments of the two Davidsons, stating to appellant that he was thereunto authorized by the grantors; that appellant procured one Starnes to make out the deed, and left to the said J. W. H. Smith the matter of getting it signed. The issue, therefore, was clearly made, as to whether or not appellant, who admitted uttering the deed, by having it recorded, forged it, or uttered it knowing that it was forged.

In undertaking to make out its case against appellant, as charged in the indictment, it was permissible for the state to elicit from the witness J. W. H. Smith testimony as to whether or not he attested the signatures, by mark, of the grantors whose names appeared on the deed, and as to whether or not he took their acknowledgments. 26 Corpus Juris, p. 962, § 121; People v. Sharp, 53 Mich. 523, 19 N. W. 168; Ham v. State, 4 Tex. App. 645.

It was error, and manifestly prejudicial to appellant's rights, to allow the witness Mayhall, over appellant's timely objection, to testify as to what he told appellant he (the witness) *thought* about the genuineness vel non of the signature of J. W. H. Smith, appearing upon the deed in question. Such testimony was both incompetent and irrelevant; it could prove nothing, and its only effect could have been to prejudice appellant's case in the eyes of the jury, the degree of prejudice varying with the degree of standing and prominence of the witness in the community.

There was no error in refusing to allow testimony as to whether or not appellant was

"in possession" of the lands described in the deed alleged to have been forged. Espalla v. State, 108 Ala. 38, 19 So. 82.

█ Over the timely objection of appellant, the trial court allowed to go, or be read, in evidence, certain statements shown by the testimony of John H. Carter, register in chancery in Marshall county, to have been made by John R. Davidson, one of the grantors whose names were signed to the deed alleged to have been forged by appellant, in "a chancery case." These statements were substantially: "I never did sell Billy but 40 acres of land; I never did sell my home 40 to Bill Rice." Perhaps it should be explained that the deed, the forgery, etc., of which was charged to this appellant, purported to convey to appellant approximately 160 acres of land, the entire holdings of the said Davidson. *When* this testimony by Davidson was given before Carter, the register in chancery, in *what* chancery suit, whether *before* or *after* the date of the execution of the alleged forged deed, is not made to appear. In this state of the case it is clear that prejudicial error was committed in overruling appellant's objections to the testimony of the witness Carter as to these statements.

Since the judgment must be reversed on account of the rulings of the court, which, as we have indicated hereinabove, were erroneous, and to all of which proper exceptions were reserved, we will not now discuss the propriety vel non of the trial court's action in overruling appellant's motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence. Likewise a treatment of some other questions, all of which, though, are of minor importance, and none of which are deemed likely to arise upon another trial, is not considered by us necessary.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.