145 So. 583

## WALLACE v. STATE.

### 8 Div. 585.

Court of Appeals of Alabama.

Feb. 14, 1933.

R. B. Patton, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, Judge.

Briefly, some officers, crawling through the weeds, "flushed a covey" (we'll call 'em that) of men and boys from around a still, set up, in operation, and producing whisky. No officer claimed to have seen any one doing anything with, to, or about or concerning, said still. Everybody "broke and ran"; and this appellant, a young man, with a companion, a mere boy, was overhauled, so to speak, some distance away from the still. The "companion" referred to began to cry. Whereupon, as the state's witnesses were allowed to testify, over due objection, etc., appellant remonstrated with him in this wise: "Hush crying there is no use crying, they have caught us and there is no use to cry, just a year and a day," or words to that effect.

A state's witness was allowed to testify, over due objection, etc., that, as they were taking appellant to jail, he asked the officers "if he could take a sentence and go on and put up his time, or would he have to stay in jail and put up bond."

Other than what we have detailed herein above, there was nothing upon which to rest the verdict of the jury in this case.

The admission of the testimony last referred to—the question to the officers—was, of course, error. Mathews v. State, 21 Ala. App. 173, 106 So. 206.

The admission of the other testimony referred to, i. e. the "remonstrance" of appel-

lant to his "companion," if it could be justified under the doctrine of res gestæ, etc., still afforded nothing upon which to rest a conviction; it being now axiomatic that mere *presence* at a still, etc., is no evidence of guilt, etc. The said "remonstrance" was *not* a "confession, etc." Underhill's Criminal Evidence (3d Ed.) p. 303, § 215; Gilbert v. State, ante, p. 169, 142 So. 682.

There being no legal evidence to sustain the verdict of the jury, etc., it was error to overrule appellant's motion to set same aside, etc.

The judgment is reversed, and the cause remanded.

Reversed and remanded.