162 So. 129

## SLATER v. STATE.

### 4 Div. 134.

Court of Appeals of Alabama.
Jan. 22, 1935.

Rehearing Denied March 19, 1935.

Reversed on Mandate June 11, 1935.

Guy W. Winn, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Justice.

This prosecution was begun in the county court by affidavit charging that the defendant "Was caught violating the prohibition law against the peace and dignity of the State of Alabama." On conviction in the county court, defendant perfected an appeal to the circuit court where the solicitor filed a complaint charging that defendant violated the prohibition law by having in her possession intoxicating liquor. On conviction in the circuit court, the defendant takes this appeal.

The affidavit upon which the warrant was issued is sufficient to charge the offense in common parlance, which is all that is required by section 3815 of the Code of 1923. Holman v. State, 144 Ala. 95, 39 So. 646.

Neither the sheriff nor the county judge has the legal right to compromise criminal cases pending in the county court. A defendant is either guilty as charged or he is innocent and court officials have no legal right to juggle prosecutions to secure the payment of costs. Therefore all evidence in this case relative to the compromise and payment of a part of the costs in another case was immaterial.

There was evidence tending to prove the possession of one quart of whisky in the defendant at the time alleged and for that reason the general charge was properly refused.

Let the judgment be affirmed.

Affirmed.

### On Rehearing.

Appellant insists that the affidavit upon which the original warrant was issued is not sufficient to support a conviction, and we are cited our case of Morrison v. State, 25 Ala. App. 330, 145 So. 582, in support of this contention. The law is as stated ·in the Morrison Case and others of similar import, but the affidavit is not void and its defects must be taken advantage of in the trial court by demurrer and cannot be raised in this court for the first time.

Application overruled.

### On Remandment.

The Supreme Court now holds that the affidavit in this case charges no offense and that proceedings under it are void. On authority of Ex parte Emma Jane Slater v. State, 230 Ala. 320, 162 So. 130, the judgment in this case is reversed and a judgment will here be rendered discharging the defendant.

Reversed and rendered.