169 So. 331

**OLDHAM v. TOWN OF ROGERSVILLE.**

**8 Div. 232.**

Court of Appeals of Alabama.

June 30, 1936.

W. L. Almon, of Florence, for appellant.

Orlan B. Hill, Jr., of Florence, for appellee.

SAMFORD, Judge.

The affidavit, which is the basis of the prosecution, was made before Luke Williams, mayor pro tem. of the town of Rogersville. The affidavit was not signed by the affiant, but under our decisions the signing of the affidavit was not necessary. Holman v. State, 144 Ala. 95, 39 So. 646; Flowers v. State, 1 Ala.App. 262, 56 So. 36; Hendrix v. State, 18 Ala.App. 479, 93 So. 223; Floyd v. State (Ala.App.) 158 So. 902.

Since the case of Slater v. State, 230 Ala. 320, 162 So. 130, wherein the Supreme Court either qualified or overruled former decisions of this court on the subject, an affidavit which simply charges a violation of the prohibition law, without designating the specific statute under which the prosecution is begun, is void and will not support a more specific charge on appeal to the circuit court or other court of like juris-

diction. In view of the invalidity of the affidavit, which was the initial step in the prosecution, the trial court was without jurisdiction. Thomas v. State, 166 Ala. 40, 52 So. 34; Dunklin v. State, 134 Ala. 195, 32 So. 666. And a complaint filed in the trial court will not suffice·to give such court jurisdiction. Miles v. State, 94 Ala. 106, 11 So. 403; Slater v. State, 230 Ala. 320, 162 So. 130.

■ Moreover, there is nothing in this record to show that a judgment against defendant was ever rendered in the mayor's court or that an appeal was taken from such judgment to the law and equity court. In other words, there is nothing in this record to connect the prosecution in the law and equity court with the original affidavit and warrant, and for this reason, the law and equity court was without jurisdiction in the matter.

■ The statute of limitations having run against the act here charged, the judgment is reversed and one will here be rendered discharging the defendant.

Reversed and rendered.