186 So. 780

**DAUGHERTY v. STATE.**

**5 Div. 67.**

Court of Appeals of Alabama.

Jan. 17, 1939.

Rehearing Denied Feb. 21, 1939.

D. T. Ware of Roanoke, for appellant.

454

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of arson in the first degree, and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from twelve to thirteen years, i. e., of twelve years minimum and thirteen years maximum. Code 1928, Sec. 3289 (Gen. Acts Ala.1927, pp. 552, 553).

■ The bill of exceptions affirmatively shows that it does not contain all the evidence. Hence we forego a consideration of the refusal of the trial court to give to the jury the duly requested general affirmative charge to find in favor of the defendant (appellant). See Crow v. McKown, 192 Ala. 480, 68 So. 341, L.R.A. 1915E, 372.

The evidence connecting appellant with the burning of the barn described in the indictment—if indeed said barn was burned by an incendiary—was entirely circumstantial.

Appellant was entitled to a trial in full conformity to Sec. 6 of the Constitution of 1901 which provides, among other things, that "in all criminal prosecutions, the accused * * * shall not be compelled to give evidence against himself."

■ One of the principal bits of evidence by which appellant was sought to be connected with the burning of the barn in question was a series of tracks (made by a human being) leading toward and away from the said barn.

After the barn had burned during the nighttime, on the morning following, the Sheriff of the County took appellant—either under arrest or duress—and "had him put his foot in this track" (one of the tracks referred to above). And over appellant's objection—due exception being reserved—the Sheriff was allowed to testify on the trial that "it was exactly the same"—meaning appellant's foot exactly fitted said track.

Further elaborating—all over appellant's objection, with due exception reserved—the Sheriff was allowed to testify, substantially, that he "took hold of the defendant's foot and * * * placed it in the track."

The above procedure, with the detailing of it in the testimony, constituted a clear violation of appellant's rights as set forth in the Section of the Constitution quoted from above. Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L.R.A. 766, 11 Am. St.Rep. 84.

■ It is yet the law of this State that "evidence showing a voluntary offer of settlement in a criminal prosecution which [does not embody] an express admission of guilt" is inadmissible on the trial of the accused. Harrison v. State, 235 Ala. 1, 178 So. 458, 460.

■ Here, a witness shown to be an agent of the National Board of Fire Underwriters, holding a commission from the State Fire Marshall, was allowed to testify that several days after the barn in question had burned, and while defendant (appellant) was in jail, accused of the crime of burning it, witness in his official capacity interviewed defendant and defendant denied the charge against him.

And then, over appellant's proper objection, with due exception reserved, the witness was allowed to go on and state that after this denial, appellant put to the witness the following question, viz: "If I will plead guilty do you believe I will get off with two years in each case?" (Meaning this case and one other).

We think the testimony as to appellant's "question" was clearly inadmissible as a "voluntary offer of settlement" not embodying an express admission of guilt. Harrison v. State, supra.

We are of the opinion, and hold, that it was error to refuse to give to the jury appellant's written requested charges Nos. 3 and 4. Cooper v. State, supra.

■ Appellant not being here on trial for the burning of the Philpot barn,—nor, so far as we are advised, even accused of burning it—we are unable to see the competency of the testimony as to the "tracks" found about that barn.

If there are other errors apparent—and by failing to deal with every exception reserved on the taking of testimony we do not mean to intimate that there are, or are not—they are based upon rulings involving no new or novel propositions of law. And upon another trial they will likely not occur in their present form.

For the errors we have pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.