38 So.2d 604

**TERRELL v. STATE.**

**7 Div. 971.**

Court of Appeals of Alabama.

Feb. 1, 1949.

J. W. Brown, of Boaz, and Joe Brown, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Two indictments charging separate offenses of forgery in the second degree were returned against this appellant. By agreement the cases were tried together. The jury returned a verdict of guilty in each case.

The indictments were substantially in code form, and no error resulted in the court's overruling of the demurrers filed to each indictment. Jennings v. State, 17 Ala.App. 640, 88 So. 187; Black v. State, 21 Ala.App. 94, 105 So. 703; Rice v. State, 22 Ala.App. 531, 117 So. 502.

The evidence presented by the State tended to show that on November 7, 1947, appellant identified himself to the manager and other employees of the Piggly Wiggly Store in Gadsden as A. L. Mills, the payee of a check in the amount of $38, and allegedly drawn by one Robert Stiles on the First National Bank of Gadsden. The store accepted the check upon appellant endorsing same, and appellant received groceries and cash for the balance due on the check after payment for the groceries.

The next day appellant returned with another check drawn on the same bank, in the amount of $44, also payable to A. L. Mills and allegedly signed by Robert Stiles, and substantially the same negotiations ensued.

The drawee bank refused to pay either check on the ground that it had no account with Robert Stiles. Store employees could find no other bank in Gadsden with an account in the name of Robert Stiles, nor were they able to locate any one by that name in Gadsden.

The appellant testifying in his own behalf in the trial below denied that he had been in the Piggly Wiggly Store in Gadsden on either the 7th or the 8th of November, 1947; and asserted that he had no part in either the preparation or the negotiation of the checks in question. He further testified that on the 7th of November he remained at his home the entire day, because of rain, and on the 8th of November he spent the day picking cotton for a Mr. Norrells.

Several witnesses, including his wife, and persons living "within talking distance" gave testimony tending to establish appellant's whereabouts on the two days above mentioned.

Purely a jury question was thus posed by the evidence presented.

The principle is well established that one possessing a forged instrument, and applying it to his own use may, in the absence of a satisfactory explanation, be presumed to have fabricated it, or have been privy to its fabrication. Tidwell v. State, 33 Ala.App. 198, 31 So.2d 513, and cases therein cited. The facts of this case fully justified a finding of all the elements necessary to bring into operation the above principle, and support the verdict rendered.

Over appellant's objection, and without showing the voluntary character of the statement, Mr. Jess Owens, former Chief Deputy Sheriff of Etowah County was permitted to testify that after his arrest appellant had told Mr. Owens that he was going to try to get his brother to take care of the checks.

On cross examination Mr. Owens testified that in this statement appellant had not mentioned the Piggly Wiggly, but did mention Mr. Hardin, the manager of the Piggly Wiggly, and he believed that appellant "did say the A & P.".

The appellant's statement cannot be considered as an offer of compromise, since it merely indicated an intention of a future request to be made of his brother, and was not made to any person having authority to discuss a compromise. Likewise, standing by itself the statement was not an admission of guilt, but merely an inculpatory statement, relative to and of probative value in determining the guilt of this accused. No proof of the voluntary character of such statements need be established prior to their reception into evidence. No error resulted from the court's ruling in the premises. Lindsey v. State, 32 Ala.App. 545, 28 So.2d 799; Jordan v. State, 26 Ala.App. 122; 156 So. 642, certiorari denied 229 Ala. 297, 156 So. 644; McGehee v. State, 171 Ala. 19, 55 So. 159.

During the course of the trial below the court's ruling was invoked relatively few times. In each instance the ruling of the court was so patently correct that no discussion is in our opinion warranted.

The record in our opinion being free of error materially affecting the substantial rights of this appellant this cause is due to be affirmed, and it is so ordered.

Affirmed.