On October 6, 1982, the Cherokee County Grand Jury returned an indictment against appellant, Paul Gossett, charging him with obtaining or attempting to obtain a controlled substance by the forgery or alteration of a prescription, in violation of Section 20-2-70, Code of Alabama (1975). On May 12, 1983, appellant was found guilty of the offense charged and was sentenced to three years' imprisonment in the state penitentiary under the provisions of Alabama's Habitual Felony Offender Statute.
On September 14, 1982, appellant consulted Dr. Pierre Desrosiers, a physician, and complained of abdominal pain. Dr. Desrosiers prescribed phenophen II for the pain as well as medication for what he suspected was an underlying urinary tract infection or kidney stone. Appellant's wife was present and she was given the prescriptions. When the couple returned to their home she gave the prescriptions to appellant's mother.
On September 16, 1982, appellant's mother drove him to the drugstore to fill the prescriptions. Appellant entered Dean's Pharmacy and handed a prescription to Judy Crane, an employee of the pharmacy, who gave the prescription to Diane Buttram, the pharmacist. Ms. Buttram noted that beneath a prescription for phenophen II was a prescription for preludin, a narcotic, written across a slash mark at the bottom of the page, in a different color ink and in a different handwriting. Ms. Buttram telephoned Dr. Desrosiers, and upon discovering that he had not written the prescription for preludin, she called the Cherokee County Sheriff's Office. Ms. Buttram identified appellant in court as the individual who attempted to get the forged prescription filled.
Appellant alleges that it was error for the trial court to deny his motion to exclude State's evidence, since the State failed to make out a prima facie case against him. Specifically, appellant contends that the State failed to demonstrate that he had the necessary intent to commit the crime charged, i.e., that he "knowingly" uttered or published as true the altered or forged prescription.
It is the law in Alabama, however, that one possessing a forged instrument and applying it to his own use is *Page 439 
presumed, in the absence of satisfactory explanation to the jury, to have forged it or to have been privy to its forgery.Johnson v. State, 412 So.2d 822 (Ala.Crim.App. 1981); Terrellv. State, 34 Ala. App. 262, 38 So.2d 604 (1949). Thus, the State in adducing evidence that the prescription was forged or altered, that it was made out to appellant and that appellant presented the prescription to the pharmacy to be filled, made out a prima facie case against him on the crime charged.
Appellant also contends that the trial court erred in refusing his oral request for a jury instruction. This was not preserved for our review, since the defense did not submit a written requested charge concerning the matter. E.g., Travis v.State, 397 So.2d 256, cert. denied 397 So.2d 265 (Ala.Crim.App. 1981); Yates v. State, 390 So.2d 32 (Ala.Crim.App. 1980).
Lastly, appellant argues that the jury verdict should be reversed as contrary to and against the great weight of the evidence.
The Court of Criminal Appeals must review evidence before it in the light most favorable to the State and must not substitute its judgment for that of the jury when reviewing sufficiency of the evidence to convict. Gullatt v. State,409 So.2d 466 (Ala.Crim.App. 1981); Crumpton v. State,402 So.2d 1081 (Ala.Crim.App.), cert. denied 402 So.2d 1088 (1981).
We find that in the case before us there was ample legal evidence from which the jury could, by fair inference, find the accused guilty of the crime charged, and we will not overturn the jury's verdict. Hughes v. State, 412 So.2d 296
(Ala.Crim.App. 1982).
We have carefully searched the record for errors injurious to the substantial rights of the appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.