The appellant, Tracey Maurice Hereford, was convicted of arson in the second degree and was sentenced to 15 years' imprisonment.
 I.
The prosecutor's comment in closing argument that he was "convinced of the degree of proof" does not constitute reversible error. Immediately after defense counsel's objection, the prosecutor stated that he "withdrew" the comment, and the trial court instructed the jury to the effect that it was the duty of the jury and not the attorneys to determine the sufficiency of the evidence. Carpenter v.State, 404 So.2d 89, 98 (Ala.Cr.App. 1980), cert. quashed,404 So.2d 100 (Ala. 1981).
 II
The appellant's argument that the evidence is insufficient to support his conviction is without merit. *Page 441 
There was an apparent motive and the appellant was placed in close proximity to both the location and time of the arson. This constitutes sufficient circumstantial evidence of guilt under the principles collected in White v. State,546 So.2d 1014, 1016-18 (Ala.Cr.App. 1989). See Ex parteDavis, 548 So.2d 1041 (Ala. 1989). Compare McCoy v.State, 397 So.2d 577 (Ala.Cr.App.), cert. denied,397 So.2d 589 (Ala. 1981).
 III.
The appellant's conviction must be reversed because the prosecutor improperly commented on his right against self-incrimination.
The appellant was accused of burning a utility room attached to the residence of his neighbor, Kenneth Gaines. The State's evidence tended to indicate that the fire was started shortly after Gaines left his residence on July 15, 1991, after Gaines and the appellant had argued about a debt the appellant claimed Gaines owed him. Harold Hutchison, an investigator for the Huntsville Police Department, testified on direct examination that the appellant gave him an oral statement in which the appellant denied any knowledge of the fire and claimed that after Gaines left his residence the appellant "went to the beer store to buy some beer and then came back." R. 125. Investigator Hutchison testified that the appellant said that he went "by himself" to the beer store, R. 127, and that he never said where he went to buy the beer. R. 134. The appellant did not present any evidence on his behalf.
During the prosecutor's closing argument the following occurred:
 "(The attorneys approached the bench and the following occurred out of the hearing of the jury:)
 "MR. GARDNER [defense counsel]: Your Honor, the prosecutor's argument is a comment on his failure to testify in this case. The prosecutor has just argued to the jury that my client did not state where, when, and still has not stated
where, when, or how, he went to buy beer or to get the items that he claimed in the statement, and the prosecutor has injected in here a comment, by doing so, on my client's failure to testify.
 "MR. LAWLEY [prosecutor]: Your Honor, I just wanted to say that I commented on the evidence that this man — It's in the evidence of what he was saying. I'm eliciting [sic] argument from the fact that he said he went to go get beer with somebody or alone and doesn't know anything —
 "THE COURT: The statement that he gave to the investigator?
"MR. LAWLEY: Yes, sir.
 "THE COURT: I understand what you're saying, but be careful of that.
 "MR. GARDNER: Your Honor, in his behalf, I move for a mistrial at this time based on that.
"THE COURT: I overrule.
 "(The following occurred in the hearing of the jury:)
 "THE COURT: Now, ladies and gentlemen, let me remind you of something I've already told you and that I'll tell you again. The defendant has not testified in this case, as is his perfect right under the constitution of Alabama and the United States. The defendant is not required in any criminal trial to prove his innocence.
 "Consequently, if, in his opinion, the State has not carried its burden of proving his guilt by the evidence beyond a reasonable doubt, then it is his decision to make as to whether he testifies or not, and you are instructed that this is a fact from which you can draw no inference, but certainly it cannot be used against the defendant because it is his right." R. 150-51 (emphasis added).
Defense counsel's objection sufficiently identified "the language deemed objectionable." Kimble v. State,545 So.2d 228, 229 (Ala.Cr.App. 1989). Furthermore, although the prosecutor claimed that he was referring to the statement made by the appellant, he did not dispute defense counsel's rendition of the comment, specifically, the comment that the appellant "still has not stated" which "beer store" he went to. *Page 442 
Recently, the Alabama Supreme Court reiterated the rule that a prosecutor may not comment on a defendant's right against self-incrimination:
 "A comment on the defendant's failure to testify is to be 'scrupulously avoided.' . . . Where there has been a direct comment on, or direct reference to, a defendant's failure to testify and the trial court does not act promptly to cure the comment, the defendant's conviction must be reversed. . . . Where the comment is an indirect, rather than a direct, comment on the defendant's failure to testify, the conviction must be reversed if there is a close identification of the defendant as the person who did not become a witness."
Ex parte Purser, 607 So.2d 301, 304 (Ala. 1992). Even though a prosecutor may legitimately base his argument on the evidence of the appellant's statement, see Kimble,545 So.2d at 230, or on the defense presented, see Brinks v.State, 500 So.2d 1311, 1314-15 (Ala.Cr.App. 1986), any reference that the defendant "still had not" provided certain information is highly improper as a comment on a defendant's constitutional right against self-incrimination.
Although the trial court's instructions in this case were prompt, those instructions were insufficient to "cure" the error in the prosecutor's remark. Not only did the trial court overrule defense counsel's objection to the prosecutor's improper comment, but its instruction to the jury was insufficient to cure any error.
 "In connection with Ala. Code 1975, § 12-21-220, the case law in Alabama contains a subsidiary doctrine that prevents a reversal of the case if the trial court sustains an objection to improper remarks and promptly and appropriately [emphasis in original] instructs the jury of the impropriety of those remarks. The trial court here overruled the objection, and we do not find the instruction given by the trial court here to be prompt, or to have been appropriately given. Here, the instruction fails to clearly address or identify for the jury the exact statement made by the district attorney that was to be remedied. Absent such identification, the instruction can not be taken as 'appropriately given' to address the state's impermissible argument.
 "At a minimum, under such circumstances, the trial judge should sustain the objection and immediately instruct the jury as to the impropriety of the remark made by the district attorney. In giving a curative instruction on the defendant's right not to testify, the trial judge should read the statute and explain thoroughly and immediately to the jury that the defendant's failure to testify in his own behalf shall not create any presumption against him. As we previously stated in Whitt [v. State, 370 So.2d 736 (Ala. 1979)]:
 " 'We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt. [Citations omitted.]'
 "A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, the statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error. [Emphasis added.]"
Ex parte Wilson, 571 So.2d 1251, 1265 (Ala. 1990). See also Purser, 607 So.2d at 304 ("With the trial court having overruled *Page 443 
the objection, which asserted that the remark was a comment on whether the defendant would testify, it would have been futile for the defendant to request a curative instruction during the original off-the-record bench conference, so it is immaterial whether he actually requested an instruction at that time").
 IV.
Reversible error was also committed in the admission, over objection, of the appellant's statement to a law enforcement investigator that "I'll pay for the damage . . . [rather] than go through the hassle." R. 126-27.
As we have stated, the appellant was charged with burning the utility room of his neighbor. Investigator Harold Hutchison of the Huntsville Police Department interviewed the appellant, who "seemed to be the likely suspect" R. 110, the day of the fire. Hutchison testified that after the appellant had voluntarily waived his constitutional rights, the appellant claimed that he had gone to the "beer store" at the time of the fire. Hutchison continued:
 "So I asked the defendant who was with him at that time [he went to the beer store], and he said, 'No one.' I said, 'Who was around the house besides yourself, and he said, 'No one.' And I told him that I had talked to several people that had saw him go up and knock on the door and go around to the side of the house.
 "And it was at that point in time when he said, 'Look,' he said, 'I'll pay for the damage. Whatever the damage is, I'll pay Kenneth.' And I said, 'Wait a minute. If you didn't have anything to do with it, there's no reason for you to pay for the damage.' He said, 'Well, if it looks like to me that I did it, then I would rather go ahead and pay for it than go through the hassle.' " R. 107-08.
In the context in which it was made, the appellant's statement is a clear indication that the appellant would rather pay the damages caused by the fire than face the "hassle" of criminal prosecution. Coupled with this offer to pay was the appellant's insistence that he did not have anything to do with the fire.
"Although there is authority to the contrary, an offer to compromise a criminal case is not admissible against the accused as an admission." C. Torcia, 4 Wharton's CriminalEvidence § 663 at 232 (14th ed. 1987) (footnotes omitted). "An attempt to offer to compromise a criminal prosecution is ordinarily inadmissible against the accused unless an express admission of guilt is made by him in the course of his efforts to obtain a compromise." Lankford v.State, 396 So.2d 1099, 1102 (Ala.Cr.App. 1981). See also C. Gamble, McElroy's Alabama Evidence § 188.04(1) at 464 (4th ed. 1991). "The general rule is that offers of compromise or to make restitution for property the subject of a crime by the accused is [sic] not admissible either for or against him." Spinks v. State, 14 Ala. App. 75, 76,71 So. 623, 624 (1916).
The Alabama Supreme Court first addressed this issue inWilson v. State, 73 Ala. 527 (1883).
 "Nor is there any possible aspect of the case, in which it was permissible for the State to prove that the defendant was accused of the seduction, and, with knowledge of the accusation, sought an adjustment with the prosecuting witness. The fact of the accusation rested in mere hearsay, and the proposition for an adjustment was not an admission or confession of guilt. Take it in its largest significance, and it manifested no more than a willingness to compound a criminal accusation for the purpose of avoiding the publicity, odium, and vexation of a prosecution, which is not inconsistent with a consciousness of innocence. There is in criminal cases no species of evidence, the introduction of which is so restrained and guarded, as the admissions or confessions of the accused, whether expressed in words, or to be implied from conduct. In civil cases, the rule of law is, that admissions, made with a view of an amicable adjustment, or compromise, are not, as evidence, admissible to affect the party making them. A party knowing himself to be suspected, or to be accused of a criminal offense, negotiating for the *Page 444 
suppression of a prosecution, can not expect that the negotiations will be favored, as negotiations for an amicable adjustment of a civil controversy are favored. But such negotiations, not embodying, or intended to embody a distinct admission or confession of guilt, which, free from the influence of hope or fear, it is not probable the accused would make, ought not to be perverted into evidence against him, inviting the jury to infer from them an admission or a consciousness of crime."
Wilson v. State, 73 Ala. at 532-33.
 "It is true that there is no authority of law for compromising a felony, yet it is a fact that less penalties are sometimes agreed upon between the prosecutor and the defendant, and, however that may be, an effort to compromise is not an admission of guilt. . . . While there are decisions to the contrary in other states, yet the reason of the law, as expressed by our own court [in Wilson] and the eminent text-writer just quoted [2 Wigmore on Evidence, p. 1231, § 1061(c)] commends itself to our judgment."
Sanders v. State, 148 Ala. 603, 607, 41 So. 466, 468
(1906).
However, offers of compromise which contain "an express admission of guilt" are admissible.
 "The true reason for excluding an offer of compromise is that it does not ordinarily proceed from and imply a belief that the adversary's claim is well founded, but rather a belief that the further prosecution of the claim, whether well founded or not, would in any event cause much annoyance as (and) is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a confession of wrong done. 2 Wigmore on Evidence, p. 1231, § 1061C.
 "The holding in these cases [Wilson, supra; Sanders, supra] does not justify the exclusion of evidence showing a voluntary offer of settlement in a criminal prosecution which embodies an express admission of guilt."
Harrison v. State, 235 Ala. 1, 3, 178 So. 458, 460
(1937), reversing Harrison v. State, 28 Ala. App. 17,178 So. 454 (1937).
 "An offer or agreement to pay, or even a payment, in the way of compromise, is not an admission of indebtedness nor of any fact from which indebtedness may be inferred. An unqualified statement conceding an opponent's claim is receivable despite its occurrence as a part of an effort to compromise. 2 Wigm.Ev. § 1062. If an admission as of fact is made because it is a fact, the evidence to prove it is competent. Matthews v. Farrell, 140 Ala. 298, 37 So. 325 [(1904)]. If, however, an offer carr[ies] on its face the character of a 'peace offering,' as appears to have been the case here, it is privileged. Gibbs v. Wright, 14 Ala. 465 [(1848)]."
Hughes v. Daniel, 187 Ala. 41, 50-51, 65 So. 518, 521
(1914).
In Wilson v. State, 31 Ala. App. 560, 563,19 So.2d 777, 779 (1944), the Court of Appeals held that in attempting to hire a lawyer to get the matter settled and his prosecution dismissed, the defendant "was frantically undertaking to avoid punishment for the commission of the offense with which he was charged. . . . We accord to the manifest position taken by the learned trial judge that in no sense could the conduct of the accused be construed as to effect a compromise." The appellate court held that the "offers of compromise" were properly admitted into evidence under the "firmly established rule of law that the acts, declarations, and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him. In other words, acts, declarations and demeanor of the accused tending to show a consciousness of guilt." Wilson, 31 Ala. App. at 563,19 So.2d at 779. Judge Simpson dissented:
 On the principle that efforts to compromise or settle cannot be proved as admissions against a party making them (Sanders v. State, 148 Ala. 603, 607, 41 So. 466, 468 [(1906)]) [not competent to show that the defendant had offered *Page 445 
money to prosecutrix's foster father to quash the proceedings], I respectfully dissent.
 "The testimony of the witness Trammell [the attorney] that defendant sought his aid to effect a settlement of the criminal prosecution clearly comes within the proscriptions of this rule.
 "The exception, discussed in Harrison v. State, 235 Ala. 1, 178 So. 458, that the rule is inapplicable where the voluntary offer of settlement embodies an express admission of guilt, has no play here. Defendant made no such admission."
Wilson, 31 Ala. App. at 563-64, 19 So.2d at 780. In a three-to-two decision, the Alabama Supreme Court reversed the decision of the majority "on authority of the dissenting opinion of Judge Simpson." Wilson v. State, 246 Ala. 129,130, 19 So.2d 780 (1944).
In this case, the trial court ruled that "a statement attributed to the defendant made to a law enforcement investigatory officer is . . . [not] inadmissible." R. 119. However, the case law of Alabama indicates otherwise.
This Court has located only seven cases where offers of compromise or settlement by the defendant have been made to a law enforcement officer.
1. In Terrell v. State, 34 Ala. App. 262, 263,38 So.2d 604, 605 (1949), the statement of the defendant to the chief deputy sheriff after the defendant's arrest that the defendant "was going to try to get his brother to take care of the checks" that he was charged with forging was held admissible:
 "The appellant's statement cannot be considered as an offer of compromise, since it merely indicated an intention of a future request to be made of his brother, and was not made to any person having authority to discuss a compromise. Likewise, standing by itself the statement was not an admission of guilt, but merely an inculpatory statement, relative to and of probative value in determining the guilt of this accused." Id.
It has been noted that the defendant's statements inTerrell "were not considered as . . . offers to compromise because they were not made to any person having authority to compromise." McElroy's at § 188.04(3). Apparently, the trial court relied on this partially correct statement in permitting the introduction of the appellant's statement in the present case. However, a close reading of Terrell reveals that the court found that the defendant's statement to the deputy was not an offer of compromise because "it merely indicated an intention of a future request to be made of [the appellant's] brother,and was not made to any person having authority to discuss a compromise." Terrell, 34 Ala. App. at 263,38 So.2d at 605 (emphasis added).
Here, the appellant conditioned his offer to pay damages in order to avoid, rather than terminate, the "hassle" of prosecution.
 "The true reason for excluding an offer of compromise is that it does not ordinarily proceed from and imply a specific belief that the adversary's claim is well founded, but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a concession of wrong done."
4 J. Wigmore, Evidence § 1061(c) at 36 (Chadbourn rev. 1972) (emphasis in original).[1] If that is the reason for the rule, then it should make no difference that the *Page 446 
defendant's offer of compromise was made to a law enforcement officer investigating the crime.
2. Slater v. State, 26 Ala. App. 466, 467,162 So. 129, 130, reversed on other grounds, 230 Ala. 320, 162 So. 130
(1935), involved a prosecution for a violation of the prohibition law by the possession of intoxicating liquor. It appears that the appellate court held that the defendant's evidence of compromise was inadmissible:
 "Neither the sheriff nor the county judge has the legal right to compromise criminal cases pending in the county court. A defendant is either guilty as charged or he is innocent and court officials have no legal right to juggle prosecutions to secure the payment of costs. Therefore all evidence in this case relative to the compromise and payment of a part of the costs in another case was immaterial."
3. In Suggs v. State, 22 Ala. App. 311, 312,115 So. 289, 290 (1928), the appellate court stated:
 "If the defendant made inculpatory statements in the presence of the officers after the arrest, upon proper predicate such statements would be admissible in evidence, and the fact that such statements were in the nature of an offer of compromise with the officer would not change the rule. An officer has no right or power to compromise a felony. Authorities cited by appellant's counsel are civil cases and have no application here."
Suggs was followed in the companion case of Crowv. State, 22 Ala. App. 665, 116 So. 923 (1928). Contrary toSuggs, the Alabama Supreme Court in Wilson
and Sanders has held that the rule in both civil and criminal cases in this respect is the same. "The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. This is true in criminal cases as well as in civil cases."Vowell v. State, 20 Ala. App. 322, 323, 101 So. 780,782 (1924). "The rule is applicable to criminal as well as civil cases." Martin v. State, 2 Ala. App. 175, 183,56 So. 64, 67 (1911) (in the prosecution for the keeping of a gaming table, witness's testimony that the defendant "said 'he wanted to know — he said he did not think that he ought to be punished for that — he wanted to know who my friends were, if we could not come to a compromise,' was incompetent and should not have been allowed in evidence").Suggs and Crow, in effect apply the exception to the rule stated in Harrison, 235 Ala. at 3,178 So. at 460, that "a voluntary offer of settlement in a criminal prosecution which embodies an express admission of guilt" is admissible. In this case, the appellant maintained he had nothing to do with the fire.
4. Daugherty v. State, 28 Ala. App. 453, 186 So. 780
(1939), involved a prosecution for arson in the first degree. In that case, an agent of the National Board of Fire Underwriters, holding a commission from the state fire marshall, interviewed in his official capacity, the incarcerated defendant several days after a barn was burned. The defendant denied the charge against him but asked, " 'If I will plead guilty do you believe I will get off with two years in each case?' " 28 Ala. App. at 454, 186 So. at 781. The appellate court held that the defendant's statement was not admissible: "We think the testimony as to appellant's 'question' was clearly inadmissible as a 'voluntary offer of settlement' not embodying an express admission of guilt."Id.
5. Likewise, in Wallace v. State, 25 Ala. App. 334,145 So. 583 (1933), the court held:
 "A state's witness was allowed to testify, over due objection, etc., that, as they were taking appellant to jail, he asked the officers 'if he could take a sentence and go on and put up his time, or would he have to stay in jail and put up bond.'
". . . .
 "The admission of the testimony last referred to — the question to the officers — was, of course, error. Mathews v. State, 21 Ala. App. 173, 106 So. 206 [(1925)]."
6. In Mathews v. State, 21 Ala. App. 173, 106 So. 206
(1925), the court held:
 "The state was permitted, over the objection and exception of defendant, to prove that defendant said, in the presence of Beck and another officer, after *Page 447 
the arrest had been made, and while defendant was in custody: 'He would plead guilty if they wouldn't put no sentence on him.' This was not an admission of guilt, or a confession, and should not have been admitted."
7. In Pugh v. State, 42 Ala. App. 499, 169 So.2d 27
(1964), the defendant, charged with grand larceny, made a statement to the sheriff in an attempt to secure probation. In holding the defendant's inculpatory statements inadmissible, the appellate court stated: "Moreover, the claimed inculpatory evidence came about in an atmosphere of the defendant's negotiating for a suspended sentence." 42 Ala. App. at 502,169 So.2d at 30.
Upon consideration of these authorities, we conclude that the appellant's statement was inadmissible even though made to a law enforcement officer during the course of a criminal investigation. In reaching that conclusion, we note that the appellant's statement was not an effort to obstruct a criminal investigation or prosecution. See Annot., 72 A.L.R.Fed. 592 (1985).[2]
Based on these considerations, the appellant's statement should not have been admitted into evidence.
The judgement of the circuit court is reversed and this cause is remanded for a new trial or for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] In Wilson's Administrator v. Hines and Hines, 1 Minor 255 (1824), the trial court refused to allow the defendant to prove an offer of settlement:
"It is a general rule of evidence that the admissions of a party are to be taken as evidence against himself. But if they are made with a view to a compromise, the party making them will not afterwards in a Court of law be concluded thereby. Most men, not of litigious disposition, would be willing to surrender a part of what they consider to be their rights in order to adjust a controversy; and if admissions made under such circumstances could be given in evidence on the trial at law, offers of compromise would often be made with no other view than to obtain such an advantage. The testimony was therefore correctly rejected."
[2] Wigmore provides an exception to the general rule of inadmissibility of offers of settlement for illegal conduct:
 "(d) Certain discriminations [from the general exclusionary rule] must of course be made:
". . . .
 "(8) In a criminal prosecution, the accused's offer to pay money or otherwise to 'settle' the prosecution will be of stopping or obstructing the prosecution would be an unlawful act, and good policy could not encourage that mode of dealing with a criminal charge: hence such an offer is receivable for whatever inference may be drawn from it; subject, of course, to the accused's explanation."
4 Wigmore, Evidence § 1061(d) at 43, 46. Alabama does not recognize that exception. "The present rule does not exclusion applies to offers made by the accused to the victim of a crime. Such offers, even if they are tantamount to bribes to desist from prosecution, are considered as offers of compromise and not admissible against the accused."McElroy's at § 188.04(1).